| | |
|---|---|
| 1 | SEYFARTH SHAW LLP |
| | Jon D. Meer (SBN 144389) |
| 2 | E-mail:  jmeer@seyfarth.com |
| | Sheryl L. Skibbe (SBN 199441) |
| 3 | E-mail:  sskibbe@seyfarth.com |
| | Casey J.T. McCoy (SBN 229106) |
| 4 | E-mail: cjtmccoy@seyfarth.com |
| | Maya Harel (SBN 291990) |
| 5 | E-mail:  mharel@seyfarth.com |
| | 2029 Century Park East, Suite 3500 |
| 6 | Los Angeles, California 90067-3021 |
| | Telephone:     (310) 277-7200 |
| 7 | Facsimile:      (310) 201-5219 |
| 8 | Attorneys for Defendant |
| | NIKE RETAIL SERVICES, INC. |
| 9 | |
| | BLUMENTHAL, NORDREHAUG & BHOWMIK |
| 10 | Norman B. Blumenthal (SBN 068687) |
| | Kyle R. Nordrehaug (SBN 205975) |
| 11 | Aparajit Bhowmik (SBN 248066) |
| | Piya Mukherjee (SBN 274217) |
| 12 | 2255 Calle Clara |
| | La Jolla, California 92037 |
| 13 | Telephone:     (858) 551-1223 |
| | Facsimile:      (858) 551-1232 |
| 14 | |
| | Attorneys for Plaintiff |
| 15 | PAYAL PATEL |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAYAL PATEL, an individual, on behalf of herself, on behalf of all pesons similarly situated, and as the representative of the State of California, | Case No. 3:14-cv-04781-RS |
| | Assigned to the Hon. Richard Seeborg |
| Plaintiff, | **DISCOVERY MATTER** |
| v. | **STIPULATION FOR PROTECTIVE ORDER RE. CONFIDENTIALITY OF DOCUMENTS & INFORMATION** |
| NIKE RETAIL SERVICES, INC., a Corporation; and DOES 1 through 50, inclusive, | |
| Defendant. | |

Plaintiff Payal Patel and Defendant Nike Retail Services, Inc. (collectively "the parties") hereby stipulate by and through their respective attorneys of record as follows:

1. The parties acknowledge that discovery in this action may require the disclosure of documents and other materials that are trade secret, commercially sensitive, proprietary, private or otherwise confidential in nature.

2. The parties hereby agree that any party or non-party subject to discovery in this action may designate documents; deposition testimony, transcripts, and exhibits; responses to interrogatories; responses to requests for admission; and other written, recorded, or graphic information and materials produced by a party or non-party in the course of this action as "Confidential" (hereafter referred to as "Confidential Information"). "Confidential Information" is information that has not been made public and that refers to, describes, or consists of the disclosure of confidential, proprietary, or otherwise non-public business, technical, or financial information, employee personnel and earnings information, or information protected by third-party privacy rights. Confidential Information includes not only the information contained in documents and other materials designated as such pursuant to this Order, but also to any summaries, copies, abstracts, compilations, or other documents or material derived from Confidential Information. The parties acknowledge that the only information to be designated as Confidential Information is that which is properly subject to protection. The parties will not designate as "Confidential" any discovery material without first making a good faith determination that such protection is warranted.

3. The party or third party asserting the "Confidential" designation as to any discovery material shall have the burden of justifying that designation. Until the Court rules otherwise, the challenged discovery material shall be treated as Confidential Information.

4. In the case of documents and other materials produced by a party, the "Confidential" designation shall be made at the time of production. A producing party may designate as "Confidential," in whole or in part, any documents or other materials by so advising all other parties and by marking any copies of the documents or other materials, in a manner not affecting legibility, with the word "Confidential." Any party may obtain confidential treatment for documents or other materials previously produced by any party or non-party without such designation if the party seeking the

designation sends written notice of such designation to all other parties or non-parties in the possession of such documents or other materials and within thirty (30) days of their production marks the subject documents or other materials with the word "Confidential" and reproduces them. All documents and other materials produced by a non-party and not designated as "Confidential" by a party at the time of their production shall nonetheless be treated as Confidential Information for thirty (30) days following such production.

5. With respect to testimony elicited during depositions, whenever counsel for a party deems that any question or line of questioning calls for the disclosure of information that should be treated as Confidential Information, counsel may: (i) designate on the record prior to such disclosure that such information is being designated as "Confidential" or (ii) give written notice to all other counsel that such information is being designated as "Confidential" within twenty-one (21) days after receiving a copy of the deposition transcript.

6. Confidential Information will be held by the receiving party exclusively for use in connection with the above-captioned action and any appeals thereof. A party shall not disseminate any Confidential Information produced by the other party or by a non-party except as necessary for use in these proceedings, and subject to the further restrictions set forth in paragraph 7, below. The parties shall take reasonable and prudent measures to safeguard the confidentiality of all Confidential Information.

7. Confidential Information shall not be used or disclosed directly or indirectly by the party receiving such Confidential Information to persons other than:

(a) The Court, persons employed by the Court, the stenographer transcribing the testimony or argument at a hearing, trial, or deposition in this action, and any special master or mediator appointed by the Court or agreed-to by the parties;

(b) Counsel of record for any party to this action, as well as regular employees of such counsel, in-house counsel, and outside copy services, used to assist in the defense or prosecution of this litigation;

(c) Experts and consultants retained by any party or counsel of record for any party to assist in the defense or prosecution of this litigation;

  (d) Any employee, former employee, agent or independent contractor of any party who is requested by counsel to assist in the defense or prosecution of this litigation, provided, however, that disclosure of the Confidential Information to said individual is made only to the extent necessary for the employee, former employee, agent or independent contractor to perform such assistance;

  (e) Witnesses;

  (f) Members of the jury; and

  (g) Any person agreed upon by the parties to serve as a mediator in this litigation.

  9. Any party that seeks to make disclosure of Confidential Information permitted under this Order to a person listed in subparagraphs 7(c) or 7(d) above shall, prior to such disclosure, advise the recipient of such information of the contents of this Order and require each such person to whom such disclosure is made to execute an undertaking in the form attached hereto as Exhibit A.  All such undertakings shall be retained by counsel for the party who discloses Confidential Information in this way.

  10. If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis.  At the request of an objecting party, a producing party that has designated any documents or other materials as "Confidential" shall respond with written justification for the designation and supporting legal citation.  If the parties are unable to resolve their dispute informally, the producing party may present a motion to the Court within thirty (30) business days after notice that the parties are unable to informally resolve the dispute, unless the parties agree to extend said date.  If the motion cannot be heard by the Court in a timely manner, which shall depend on the circumstances at hand, but shall not exceed forty-five (45) days from the date the motion is filed, then the moving party shall apply to the Court to specially set an earlier hearing date.  The information shall continue to have Confidential status until the Court issues a decision on the motion.  If the producing party does not file a motion within thirty (30) days, or upon a mutually agreed date, the information will not be deemed Confidential.

  11. In the event that any Confidential Information is used in any Court proceeding in this action, it shall not lose its confidential status through such use.

12. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

13. Documents or other materials filed by any party with the Court before, during, or after the action that contain Confidential Information shall be filed in accordance with the applicable Rules of Civil Procedure and local rules.

14. Any party may consent to have any documents or other materials it previously designated as "Confidential" removed from the scope of this Order by so notifying counsel for the other parties in writing or by so stating on the record at any hearing or deposition. Nothing contained in this Order shall prevent any party from disclosing its own Confidential Information as it deems appropriate.

15. The provisions of this Order shall not terminate at the conclusion of these actions. Within 120 days of final conclusion of all aspects of this litigation, including any and all appeals, documents and other materials stamped or otherwise identified as "Confidential" and all copies of same (other than exhibits of record) shall be returned to the party that produced such documents or destroyed. At the written request of the producing party, counsel for the receiving party shall execute a certification of compliance and shall deliver the same to counsel for the party that produced the documents not more than 120 days after final termination of this litigation.

16. The inadvertent production or disclosure of any privileged or otherwise protected information by any party shall not constitute, or be considered as a factor suggesting, a waiver or impairment of any claims of privilege or protection, including but not limited to, the attorney client privilege and the protection afforded to work product materials.

17. If any privileged or otherwise protected information is inadvertently produced, the producing party must provide written notice to any other parties that such information, or discovery material containing such information, has been inadvertently produced or disclosed. Within three (3) business days of the receipt of such notice, each other party shall return to the producing party all such discovery material and copies thereof identified in the notice in its possession, and shall make reasonable efforts to reclaim and return any such discovery material and information. The party that has inadvertently produced or disclosed such information shall, within ten (10) business days after such material is returned to it, provide a privilege log identifying the discovery material and the copies

returned to the producing party such that the non-producing party is able to challenge the producing party's claim that the discovery materials are privileged or otherwise protected.

18. This Stipulation and Order is subject to revocation and modification by order of the Court, upon written stipulation of the parties, or upon motion and reasonable notice.

**IT IS SO STIPULATED.**

DATED:  February 24, 2015        BLUMENTHAL, NORDREHAUG & BHOWMIK

_____/s/ Piya Mukherjee_____
Piya Mukherjee
Attorneys for Plaintiff
Payal Patel

DATED:  February 24, 2015        SEYFARTH SHAW LLP

_____/s/ Maya Harel_____
Jon D. Meer
Sheryl Skibbe
Casey J.T. McCoy
Maya Harel
Attorneys for Defendant
Nike Retail Services, Inc.

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  2/26/2015        By:  _____
                              UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**CONSENT TO BE BOUND**

I, _____, declare:

1. My address is _____. My present occupation is _____.

2. I have received a copy of the **STIPULATION FOR PROTECTIVE ORDER REGARDING THE CONFIDENTIALITY OF DOCUMENTS & INFORMATION** and **PROTECTIVE ORDER RE PRODUCTION OF CONFIDENTIAL DOCUMENTS & INFORMATION** (collectively, the "Protective Order") in this action entitled *Payal Patel v. Nike Retail Services, Inc.*, United States District Court Case No. 3:14-cv-04781-RS.  I have carefully read the provisions of the Protective Order, and I understand those provisions.

3. I will comply with all of the provisions of the Protective Order.  I will hold in confidence and will not copy or use except for purposes of this action any information designated as "Confidential" that I receive or view in this action.

4. I further irrevocably consent to the jurisdiction of the United States District Court, Northern District of California for the limited purposes of any proceeding to enforce or to secure compliance with the terms of the Protective Order or to punish the breach of any terms of the Protective Order.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this _____ day of _____, 2015.

_____<br>Signature