UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAYAL PATEL,<br><br>    Plaintiff,<br><br>    v.<br><br>NIKE RETAIL SERVICES, INC.,<br><br>    Defendant. | Case No. 14-cv-04781-RS<br><br>**ORDER OVERRULING OBJECTION TO NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE AND GRANTING REQUEST FOR LIMITED STAY OF THAT ORDER** |

Nike Retail Services, Inc. seeks relief from an order of the assigned magistrate judge.[1] After Payal Patel's motion for class certification was denied, she sought discovery in support of her representative action under the California Private Attorney General Act ("PAGA"). Nike objected to that discovery on the grounds that (i) Patel failed to make a prima facie showing that such discovery would substantiate her PAGA allegations and (ii) trial on the PAGA claim would be unmanageable. The magistrate judge reviewed the discovery dispute and ordered Nike to produce PAGA-related discovery by October 31, 2016 ("discovery order"). In response, Nike filed a motion for relief from the discovery order, a motion to strike Patel's representative PAGA allegations or, alternatively, for judgment on the pleadings, and an *ex parte* application to stay the discovery order until the motion to strike has been resolved.[2]

---

[1] While Nike styles its motion as a "Motion for Relief from Nondispositive Pretrial Order of a Magistrate Judge," it purports to set a hearing for November 17, 2016. Local Rule 72-2, which relates to such motions, provides: "Unless otherwise ordered by the assigned District Judge, no response need be filed and no hearing will be held concerning the motion. The District Judge may deny the motion by written order at any time, but may not grant it without first giving the opposing party an opportunity to respond." The November 17, 2016 hearing on this motion is thus vacated.

[2] Nike styled its request for a stay as an "*ex parte*" application. Under Civil Local Rule 7-10, an *ex parte* motion is one filed without notice to opposing party, and is permissible only where

To start, Nike objects to the discovery order. It asserts that the denial of class certification precludes Patel from pursuing a representative PAGA claim. Nike argues that prerequisites of Rule 23 apply to PAGA claims and that, even if Patel could pursue a representative PAGA action without meeting the requirements of Rule 23, the order denying class certification already established that the issues in this case cannot be effectively adjudicated on a representative basis. Thus, according to Nike, the magistrate judge's order was contrary to law. A district court may modify a magistrate judge's ruling on a non-dispositive matter only if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Bahn v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). Nike has failed to show such error here. At the time of the hearing on the discovery dispute, Patel's representative PAGA claim was live and discovery relating to that claim was permissible. Though Nike disputed the continued viability of such claim at the hearing, it had not yet moved to strike Patel's representative PAGA allegations or otherwise moved for judgment on that issue. Nike's objection to the discovery order is overruled.

In addition, Nike seeks a limited stay of the discovery order until its motion to strike or, alternatively, for judgment on the pleadings has been decided. That motion is set for hearing on November 17, 2016. A district court has broad discretion to stay discovery pending the resolution of a dispositive motion. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Courts in this district have applied a two-pronged test to determine whether to stay discovery temporarily when a dispositive motion is pending. *See, e.g.*, *Gibbs v. Carson*, No. C–13–0860 TEH (PR), 2014 WL 172187 (N.D. Cal. Jan. 15, 2014). First, the pending motion must be potentially dispositive of the issue at which discovery is directed. *Id.* at *3. Second, the court must determine whether the pending dispositive motion can be decided absent discovery. *Id.* Here, the pending motion to

---

authorized under the circumstances by a statute, Federal Rule, local rule, or Standing Order. Nike's application, however, was automatically served on Patel through the ECF system and thus was not brought on an ex parte basis. Because Nike's stay request is a motion for relief from the discovery order, Local Rule 72-2 applies. Patel filed an opposition to the application, so the request may be granted by written order.

strike or, alternatively, for judgment on the pleadings is dispositive of the issue at which the discovery is directed, namely the representative PAGA action.  In addition, a motion for judgment on the pleadings is "functionally identical" to a Rule 12(b)(6) motion, *Dworkin v. Hustler Magazine*, Inc., 867 F.2d 1188, 1192 (9th Cir.1989), and "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lopez v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  Similarly, grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed.  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).  Accordingly, the pending motion can be decided without discovery.  Nike's request for a limited stay of the discovery order is granted until its motion to strike or, alternatively, for judgment on the pleadings is decided.  If that motion is denied, the stay will be lifted immediately.

**IT IS SO ORDERED**.

Dated: October 17, 2016

RICHARD SEEBORG
United States District Judge