UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAYAL PATEL,<br>    Plaintiff,<br>v.<br>NIKE RETAIL SERVICES, INC.,<br>    Defendant. | Case No. 14-cv-04781-RS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE OR, ALTERNATIVELY, FOR JUDGMENT ON THE PLEADINGS** |

**I. INTRODUCTION**

Plaintiff Payal Patel ("Patel") brought this action against Defendant Nike Retail Services, Inc. ("Nike") alleging that Nike misclassified its Assistant Head Coaches ("AHC") as salaried employees. Patel's motion for class certification was denied because she failed to show how any of her misclassification theories could be established with common proof. Nike now moves to strike Patel's allegations in support of her representative Private Attorney General Act ("PAGA") claim or, alternatively, seeks judgment on the pleadings dismissing that claim. A representative PAGA action is unmanageable, Nike argues, because Patel's theories of liability require numerous individual inquiries. Though PAGA claims are not subject to the requirements of Federal Rule of Civil Procedure 23, representative PAGA suits may be inappropriate where they require a large number of individual assessments. At this juncture, however, Nike has not yet established that Patel's claim will be unmanageable at trial. Indeed, Patel contends that her representative PAGA claim is brought on behalf of "far less" than ninety-six AHCs. Dkt. No. 82 at 5. She seeks discovery to ascertain the number of AHCs covered by PAGA's statute of limitations. Nike's manageability concerns are premature in light of the pending discovery requests, so its motion is denied without prejudice. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for

disposition without oral argument and the December 15, 2016 hearing will be vacated.

## II. FACTUAL BACKGROUND

Patel's claims stem from the overarching premise that she and similarly-situated AHCs improperly were classified as salaried executives exempt from overtime pay and related benefits. Patel asserts three theories of misclassification targeting elements of two Labor Code exemptions; she argues AHCs did not (1) customarily and regularly exercise discretion, (2) manage a customarily recognized department, or (3) primarily engage in exempt work. Patel moved to certify a class of ninety-six AHCs based on these misclassification theories. That motion was denied because Patel failed to show that common issues predominated or that this action could be adjudicated fairly and efficiently on a representative basis.

After class certification was denied, Patel sought discovery in support of her representative PAGA claim. Nike opposed that discovery raising the same arguments raised here. The assigned magistrate judge ordered Nike to produce the requested discovery and Nike then filed this motion.

## III. LEGAL STANDARD

### A. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a court may strike from the pleading any redundant, immaterial, impertinent or scandalous matter. A motion to strike eliminates from consideration that which "can have no possible bearing on the subject matter of the litigation." *Naton v. Bank of California*, 72 F.R.D. 550, 552 n. 4 (N.D. Cal. 1976). Grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Similar to a motion for judgment on the pleadings, the court, in considering a motion to strike, views the challenged pleadings in the light most favorable to the plaintiffs. *See Hoeft v. Tucson Unified School Dist.*, 967 F.2d 1298, 1301 (9th Cir. 1992). Motions to strike are generally viewed with disfavor.

### B. Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but

1   early enough not to delay trial–a party may move for judgment on the pleadings." A motion for
2   judgment on the pleadings is "functionally identical" to a Rule 12(b)(6) motion to dismiss for
3   failure to state a claim. *Dworkin v. Hustler Magazine, Inc*., 867 F.2d 1188, 1192 (9th Cir. 1989).
4   "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings
5   as true, [a] party is entitled to judgment as a matter of law." *Lyon v. Chase Bank USA, N.A*., 656
6   F.3d 877, 883 (9th Cir. 2011) (quoting *Dunlap v. Credit Protection Ass'n, L.P*., 419 F.3d 1011,
7   1012 n.1 (9th Cir. 2005)); *see also Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004)
8   (explaining that all material allegations in the complaint are accepted as true and construed in the
9   light most favorable to the non-moving party).

## IV. DISCUSSION

Patel aims to bring a representative action under California's Private Attorney General Act, California Labor Code § 2699. PAGA "authorizes an employee to bring an action for civil penalties on behalf of the state against his or her employer for Labor Code violations committed against the employee and fellow employees, with most of the proceeds of that litigation going to the state." *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal.4th 348, 360 (2014). An action brought under PAGA is a type of qui tam action. *Id*. at 382. PAGA was enacted to correct two perceived flaws in California's Labor Code enforcement scheme. *Id*. at 378–79. The first flaw was that civil penalties were not available to redress violations of some provisions of the Labor Code. *Id.* at 378. PAGA addressed that problem by providing for civil penalties for most Labor Code violations. The second flaw was that, even where the Labor Code provided for civil penalties, "there was a shortage of government resources to pursue enforcement." *Id*. at 379. PAGA addressed that problem by permitting aggrieved employees to act as private attorneys general to collect civil penalties for violations of the Labor Code.

Nike advances three arguments in support of its motion to strike or, alternatively, for judgment on the pleadings: (i) Patel's representative PAGA claim does not comply with the requirements of Federal Rule of Civil Procedure 23; (ii) that claim is unmanageable; and (iii) Patel fails to identify adequately the aggrieved employees on whose behalf she brings suit. Patel

ORDER RE: MOTION TO STRIKE
CASE NO. 14-cv-04781-RS
3

challenges each of these contentions and argues, as an initial matter, that Nike's motion is procedurally improper.

### 1. Procedural Challenge

To start, Patel argues that Rule 12(f) does not permit Nike's motion. Yet, Nike moves to strike references to a PAGA action brought on behalf of "aggrieved employees" that are arguably immaterial to the extent a representative PAGA action is inappropriate here. Moreover, Patel exalts form over substance. "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co*., 697 F.2d 880, 885 (9th Cir. 1983). Numerous federal courts in California have struck representative PAGA claims on manageability grounds under Rule 12(f). *See Ortiz v. CVS Caremark Corp*., No. C–12–05859 EDL, 2014 WL 1117614, at *4 (N.D. Cal. Mar. 19, 2014), *Brown v. Am. Airlines, Inc*., No. CV 10–8431–AG, 2015 WL 6735217, at *1 (C.D. Cal. Oct. 5, 2015), *Bowers v. First Student, Inc*., No. 2:14–CV–8866–ODW (Ex), 2015 WL 1862914, at *4 (C.D. Cal. April 23, 2015); *Litty v. Merrill Lynch & Co., Inc*., No. CV 14–0425 PA, 2014 WL 5904904, at *3 (C.D. Cal. Nov. 10, 2014). Courts have also dismissed such claims for the same reason under Rules 12(b) and (c). *See Amey v. Cinemark USA Inc*., No. 13–cv–05669–WHO, 2015 WL 2251504, at *16 (N.D. Cal. May 13, 2015); *Fields v. QSP, Inc.*, No. 12-cv-1238, 2012 WL 2049528, at *5 (C.D. Cal. June 4, 2012). Patel's procedural challenge is thus rejected.

### 2. Applicability of Rule 23

Patel next argues that representative PAGA claims need not satisfy the requirements of Rule 23. "The vast majority of courts in this district ... have held that representative PAGA claims need not be certified under Rule 23 to proceed." *Willner v. Manpower Inc*., 35 F.Supp.3d 1116, 1135 (N.D. Cal. 2014); *see also Amey*, 2015 WL 2251504 at *15. The Ninth Circuit has declared that "a PAGA suit is fundamentally different than a class action." *Baumann v. Chase Investment Services Corp*., 747 F.3d 1117, 1123 (9th Cir. 2014) *cert. denied*, 135 S.Ct. 870 (2014). In addition, the California Supreme Court has ruled that PAGA claims do not need to satisfy class

action requirements. *See Arias v. Superior Court*, 46 Cal. 4th 969, 981–86 (2009). Nike's argument to the contrary is unsupported.

### 2. Manageability of representative PAGA claims

The heart of the parties' dispute is the question of manageability. Nike claims it is inappropriate to allow representative PAGA actions to proceed where, as here, individualized inquiries would be necessary to determine whether any individual has been injured. Patel disagrees. She relies on *Zackaria v. Wal-Mart Stores, Inc*., 142 F.Supp.3d 949, 950 (C.D. Cal. 2015), which held that imposing a manageability requirement "found nowhere in PAGA itself and apparently not imposed upon the government, would 'obliterate the purpose' of representative PAGA actions." In *Zackaria*, the court declined to dismiss a representative PAGA action as unmanageable because doing so "would impose a barrier on such actions that the state law enforcement agency does not face when it litigates those cases itself." *Id*. at 959. It noted that "[s]eeking civil penalties on behalf of aggrieved employees may make plaintiff's case difficult to prove, and may require evidence regarding a significant number of individual employees," but nevertheless ruled that "the fact that proving his claim may be difficult or even somewhat burdensome for himself and for defendant does not mean that he cannot bring it at all." *Id*.[1]

Other courts have taken a different approach. They have stricken or dismissed representative PAGA claims "where the evidence shows that numerous individualized determinations would be necessary to determine whether any class member has been injured." *Amey*, 2015 WL 2251504, at *16; *see also Ortiz*, 2014 WL 1117614, at *3–4; *Litty*, 2014 WL

---

[1] Patel also relies heavily on the Ninth Circuit's recent decision in *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425 (9th Cir. 2015), but that decision is not directly relevant. There, the Ninth Circuit determined that the Federal Arbitration Act (FAA) does not preempt the California rule announced in *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal.4th 348 (2014), which bars the waiver of representative PAGA claims. As part of that analysis, the Ninth Circuit considered whether the *Iskanian* rule is a generally applicable contract defense or one that interferes with arbitration. While it noted, in that context, that "even if there were evidence that representative PAGA actions take longer or cost more to arbitrate than other types of claims . . . potential complexity should not suffice to ward off arbitration," *Id*. at 438 (citation omitted), it did not decide the issue presented here.

5904904, at *3; *Bowers*, 2015 WL 1862914, at *4; *Raphael v. Tesoro Ref. & Mktg. Co. LLC*, No. 2:15-CV-02862-ODW, 2015 WL 5680310, at *3 (C.D. Cal. Sept. 25, 2015). At the same time, they have been careful not to hold that PAGA actions can never be maintained wherever individual assessments are required because "every PAGA action in some ways requires some individualized assessment regarding whether a Labor Code violation has occurred." *Brown*, at *3 (citing *Plaisted v. Dress Barn, Inc.*, 2012 WL 4356158, at *2 (C.D. Cal. Sept. 20, 2012)); *see also Ortiz*, at *4 (same). Instead, they have conducted case-specific inquiries to determine whether a representative action would be manageable in each case.

This approach mirrors the approach taken by California courts faced with representative Unfair Competition Law ("UCL") claims before the passage of Proposition 64, which required representative UCL actions to comply with the procedural requirements applicable to class action lawsuits. Before the passage of Proposition 64, the California Supreme Court held that a court could decline to entertain a UCL action "as a representative suit." *Kraus v. Trinity Mgmt. Serv., Inc.*, 23 Cal.4th 116 (2000). To determine if statewide liability under the UCL was appropriate, California courts considered whether plaintiffs had established that defendants' engaged in "uniform [] practices" and acted consistently across the state. *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 894 (1999) (affirming judgment for defendant on "private attorney general" UCL claim where plaintiff had not met its burden to show that other dealerships were "similarly situated as to their likelihood of deception by GMAC's business practices").[2]

While there might be circumstances under which it would be inappropriate to allow a PAGA claim to proceed on a representative basis, Nike has not yet established that such is the case here. Patel asserts that her representative PAGA action will include "far less" than ninety-six

---

[2] Some district courts have distinguished these early UCL cases because "unlike claims under the UCL, which require an individualized determination of the particular restitution due to each plaintiff, PAGA claims require only a showing that a Labor Code violation has occurred." *Alcantar v. Hobart Serv.*, 2013 WL 146323 (C.D. Cal. Jan. 14, 2013).

1   AHCs.  For purposes of class certification, the parties agreed that ninety-six individuals were

2   employed as AHCs in California during the four-year time period for claims brought under the

3   UCL.  PAGA has only a one year statute of limitations.  Patel contends that the discovery she

4   seeks will enable her to ascertain the exact number of employees covered by the PAGA statute of

5   limitations. At this point, Nike's concerns regarding manageability appear premature.  If, after

6   discovery, Nike's concerns are substantiated, it may raise the issue again.

### 3. Identification of Aggrieved Employees

Separately, Nike contends that Patel fails to identify adequately the aggrieved employees on whose behalf she brings the PAGA claim.  Several courts have dismissed representative PAGA claims on this basis.  For example, in *Chie v. Reed Elsevier, Inc.*, No. C–11–1784 EMC, 2011 WL 3879495, at *4 (N.D. Cal. Sept. 2, 2011), the court dismissed plaintiffs' PAGA claim because they did not "provide any other description of the aggrieved employees" beyond that they were employed by defendant in California, which did "not give defendants fair notice as to what the scope of the PAGA claim" was.  The court distinguished, however, other cases where aggrieved employees were defined with more specificity, i.e., "by title or by description of the aggrieved employee's type of work."  *Id.*  Here, Patel identifies the aggrieved individuals as the AHCs in California during the relevant time period.  This definition—by title—is sufficiently specific for purposes of giving Nike notice as to the scope of the representative PAGA claim.  *See Hibbs–Rines v. Seagate Technologies*, No. C08–5430 SI, 2009 WL 513496 (N.D. Cal. March 2, 2009) (denying motion to strike where plaintiff defined aggrieved employees by title).

### V. CONCLUSION

Nike's motion to strike or, alternatively, for judgment on the pleadings is denied without prejudice.  Nike is not foreclosed from raising its manageability argument at a later date, after complying with the assigned magistrate judge's discovery order.  *See* Dkt. No. 78.  The limited stay of that discovery order, *see* Dkt. No. 84, is hereby lifted.

**IT IS SO ORDERED**.

Dated: December 12, 2016

_____
RICHARD SEEBORG
United States District Judge