**BLUMENTHAL, NORDREHAUG & BHOWMIK, LLP**
 Norman B. Blumenthal (State Bar #068687)
 Kyle R. Nordrehaug (State Bar #205975)
 Aparajit Bhowmik (State Bar #248066)
 Piya Mukherjee (State Bar #274217)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAYAL PATEL, an individual, on behalf of herself, on behalf of all persons similarly situated, and as the representative of the State of California,<br><br>               Plaintiff,<br>     v.<br><br>NIKE RETAIL SERVICES, INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>               Defendant. | Case No. 3:14-cv-04781-RS<br><br>PLAINTIFF'S **OPPOSITION** TO DEFENDANT'S RENEWED MOTION TO STRIKE ANY REPRESENTATIVE PAGA ACTION ALLEGATIONS IN THE COMPLAINT OR, ALTERNATIVELY, FOR JUDGMENT ON THE PLEADINGS<br><br>Hon. Richard Seeborg<br><br>Date: September 28, 2017<br>Time: 1:30 p.m.<br>Courtroom: 3 - 17th Floor<br>Complaint Filed: November 25, 2013 |

# **TABLE OF CONTENTS**

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   DEFENDANT'S MOTION TO STRIKE SHOULD BE DENIED  . . . . . . . . . 3

    A.   Defendant Failed to Provide Any Evidence that the PAGA Allegations are Unmanageable. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.   Discovery Regarding the Total Number of Aggrieved Employees is Ongoing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    C.   Defendant Ignores Ninth Circuit Precedent Holding that PAGA Actions By the State of California Are Materially Different from Class Actions Where Plaintiffs Represent Other Employees . . . . . . . . . . . . . . . . . . . . . 6

    D.   The State of California Cannot Be Punished for Defendant's Failure to Have Any Evidence So as to Assert the Affirmative Defense of Exempt Work. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    E.   Plaintiff's Is Not Required to Disprove the Exemption. . . . . . . . . . . . 10

    F.   The Evidentiary Record for Defendant's Affirmative Defense Is Finite and Manageable. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    G.   Defendant's Authority Is Distinguishable and Inapplicable Here  . . . . 13

    H.   Plaintiff Would Consider Bifurcation . . . . . . . . . . . . . . . . . . . . . . . . . . 14

III.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Case 3:14-cv-04781-RS   Document 100   Filed 09/07/17   Page 3 of 18

# **TABLE OF AUTHORITIES**

**Cases:**

Pages:

*Amey v. Cinemark USA Inc.*,
   2015 WL 2251504 (N.D. Cal. May 13, 2015) . . . . . . . . . . . . . . . . . . . . . . . . 13

*Arias v. Superior Court*,
   46 Cal.4th 969 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7

*Baumann v. Chase Inv. Servs. Corp.*,
   747 F.3d 1117 (9th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Bowers v. First Student, Inc.*,
   2015 WL 1862914 (C.D. Cal. Apr. 23, 2015) . . . . . . . . . . . . . . . . . . . . . . . . 13

*Brown v. Am. Airlines, Inc.*,
   2015 U.S. Dist. LEXIS 150672 (C.D. Cal. Oct. 5, 2015) . . . . . . . . . . . . . 5, 13

*Campbell v. PricewaterhouseCoopers, LLP*
   642 F.3d 820, 825 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Dworkin v. Hustler Magazine, Inc.*,
   867 F.2d 1188 (9th Cir.1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Fogerty v. Fantasy, Inc.*,
   510 U.S. 517 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Gomez v. Dexter*,
   2009 WL 4107827, *35  (C. D. Cal. Nov. 24, 2009)) . . . . . . . . . . . . . . . . . . 11

*Haas v. Del. & Hudson Ry. Co.*,
   282 Fed. App'x 84, 86 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Jinro America Inc., v. Secure Invs., Inc.*,
   266 F.3d 993 (9th Cir.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Leghorn v. Wells Fargo Bank, N.A.*,
   950 F. Supp. 2d 1093 (N.D. Cal. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

*Litty v. Merrill Lynch & Co., Inc.*,
   2014 WL 5904904, at *3 (C.D. Cal. Nov. 10, 2014) . . . . . . . . . . . . . . . . . . 14

*Lopez v. City of Los Angeles*,
   250 F.3d 668, 688 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Nordquist v. McGraw-Hill Broad. Co.*,
   38 Cal. Rptr. 2d 221 (Cal. App. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

*Ollier v. Sweetwater Union High School Dist.*,
   No. 07cv714-L, 2010 WL 4932173 (S.D. Cal. November 30, 2010)) . . . . . . 12

*Ortiz v. CVS Caremark Corp.*,
   2014 U.S. Dist. LEXIS 26833 (N.D. Cal. Mar. 19, 2014)) . . . . . . . . . . . . . . . 13

*Pedroza v. PetSmart, Inc.*,
   2013 U.S. Dist. LEXIS 53794 (C.D. Cal. Jan. 28, 2013)) . . . . . . . . . . . . . . . . 9

*People v. Salas*,
   37 Cal.4th 967 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Sakkab v. Luxottica Retail N. Am., Inc.*,
   803 F.3d 425 (9th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6-8, 13

*Salazar v. McDonald's Corp.*,
   No. 14-cv-02096-RS,
   2017 U.S. Dist. LEXIS 9641(N.D. Cal. Jan. 5, 2017) . . . . . . . . . . . . . . . . 4, 13

*Sav-On Drug Stores, Inc. v. Superior Court*,
   34 Cal. 4th 319, 338 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Stafford v. Dollar Tree Stores, Inc.*,
   2014 U.S. Dist. LEXIS 163458 (E.D. Cal. Nov. 20, 2014) . . . . . . . . . . . . . . 14

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Wong v. Regents of the Univ. of Cal.*,
   410 F.3d 1052 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
   259 F.3d 1101 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Zackaria v. Wal-Mart Stores, Inc.*,
   2015 U.S. Dist. LEXIS 151351(Nov. 3, 2015 C.D. Cal.) . . . . . . . . . . . . . . . . . 8

## I.     INTRODUCTION

Plaintiff opposes Defendant's Renewed Motion to Strike allegations in the Complaint relating to the State of California's Private Attorney General Act of 2004 cause of action (the "PAGA"). The arguments made by the Defendant here are identical to the arguments that Defendant made in the prior motion to strike the PAGA claims. Defendant also made these arguments to the Magistrate Judge in opposing the discovery Plaintiff requested to prove the PAGA claim. Defendant's premature and speculative arguments that failed to persuade the Magistrate Judge and this Court, previously, should fail here for the same reasons as Defendant has failed to provide any evidence that Plaintiff's PAGA claim is unmanageable.

Plaintiff alleges that she and the aggrieved employees were improperly misclassified as exempt from the payment of overtime compensation. **Under California law, an employer bears the burden of demonstrating that an employee is exempt from the Labor Code's overtime requirements.** *Nordquist v. McGraw-Hill Broad. Co.*, 38 Cal. Rptr. 2d 221, 225-26 (Cal. App. 1995). Accordingly, Defendant is responsible for maintaining records that prove Plaintiff and the other aggrieved employees were properly classified as exempt under California law. **Defendant, now, is placing the shoe on the wrong foot by stating that it is Plaintiff's burden to prove the misclassification.** Defendant's contention is squarely contrary to California law. Moreover, with the burden of proof as to Defendant's affirmative defense of proper classification on Defendant, Defendant's manageability arguments cannot be analyzed until Defendant discloses the evidence which Defendant intends to present in support of Defendant's affirmative defenses.

As a result, Defendant's argument that Plaintiff's PAGA claim will be unmanageable lacks merit as Defendant has not only provided no evidence that there will be 101 aggrieved employees but also fails to provide the evidence that Defendant will use to support the claim of 101 aggrieved employees. Indeed, Defendant has not even identified the employees who it claims should not be included in Plaintiff's representative

PAGA claim as non-exempt employees and this lack of an affirmative defense precludes the dismissal of the PAGA claims based on Defendant's theory that some employees may not be aggrieved. Defendant, therefore, cannot allege a PAGA defense claim on behalf of all employees when these employees have not been affirmatively identified.

**Importantly, based on the first round of discovery, Plaintiff has thus far identified only three (3) aggrieved employees, including herself.**[1] Further, as outlined in the expert report of Eric Lietzow, the fifteen (15) employees who provided declarations stating that they did not perform any overtime work will not be included as aggrieved employees. **As such, contrary to Defendant's unsupported contention, the pool of potential aggrieved employees is 86 individuals and not 101.** As stated above, thus far Plaintiff has only determined there to be three (3) aggrieved employees, including herself, out of the remaining 86 individuals in the potential pool. Plaintiff is defining the aggrieved employees as those employees who worked a closing shift for Defendant and sent a closing shift email after the close of the shift outlined in the zone chart.[2] Unless and until these individuals can be affirmatively identified over the course of discovery by Plaintiff that they worked overtime, they will not be included as aggrieved employees. As such, Defendant's argument that Plaintiff's PAGA claim fails based on unmanageability entirely lacks merit as Defendant has not provided a shred of evidence that adjudicating the PAGA cause of action will be unmanageable as Plaintiff's burden is to prove that the aggrieved

---

[1] Based on Defendant's production of closing emails and a small sample of zone charts, Plaintiff has identified two (2) other aggrieved employees. Plaintiff believes additional aggrieved employees will be identified with the production of all zone charts. Following expert analysis of the emails produced by Defendant, a significant portion of the zone charts were unusable as they did not contain enough information to identify the Assistant Head Coach. (Lietzow Report, ¶ 5, Exhibit 1 (all exhibits are attached to the Declaration of Piya Mukherjee, filed and served herewith)). To the extent the Magistrate Judge orders Defendant to produce more zone charts, Plaintiff's expert can efficiently analyze this data and identify additional aggrieved employees. Without this discovery matter being resolved, there are only two (2) other aggrieved employees.

[2] The individuals who provided declarations to Defendant which stated that they did not perform work any overtime hours will not be included as Aggrieved Employees. *See* Lietzow Declaration, ¶ 8, Exhibit 1.

employees worked overtime and were not paid for their work.

Defendant's attempts to substantively limit the rights of the State of California by imposing class action requirements on PAGA claims were rejected long ago by the California Supreme Court in *Arias v. Superior Court*, 46 Cal. 4th 969 (2009). More importantly, these arguments were also rejected by the Ninth Circuit in *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425 (9th Cir. 2015). In *Sakkab*, the Ninth Circuit explained that a PAGA claim is not a class action by re-examining at length the "**fundamental differences between PAGA actions and class actions**." *Id*. at 435.[3] While "[t]he class action is a procedural device for resolving the claims of absent parties on a representative basis. See Fed. R. Civ. P. 23... [b]y contrast, **a PAGA action is a statutory action in which the penalties available are measured by the number of Labor Code violations committed by the employer**." *Id*.

Defendant's request conveniently ignores the ruling of the Ninth Circuit. In so doing, Defendant erroneously attempts to limit the State of California's ability to discover the "number of Labor Code violations committed by the employer." As the Ninth Circuit makes clear, the rights of the State of California are substantive which cannot be abridged with the procedural requirements of a class action. Further, the premise of Defendant's renewed motion is not based on the pleadings, is blatantly incorrect and is premature. Accordingly, Plaintiff respectfully submits that Defendant's motion should, again, be denied.

## II. DEFENDANT'S MOTION TO STRIKE SHOULD BE DENIED

The Court outlined the legal standard for this motion in the Order Overruling Objection To Nondispositive Pretrial Order of Magistrate Judge, [Doc. No. 84]

> Here, the pending motion to strike or, alternatively, for judgment on the pleadings is dispositive of the issue at which the discovery is directed, namely the representative PAGA action.

---

[3] Emphasis added and internal citations omitted unless otherwise indicated.

In addition, a motion for judgment on the pleadings is "functionally identical" to a Rule 12(b)(6) motion, *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989), and "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lopez v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Similarly, grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

**Accordingly, the pending motion can be decided without discovery.**

(*Id*. at pg. 3).

"**Motions to strike are generally disfavored**." *Leghorn v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 1093, 1122 (N.D. Cal. 2013) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (3d ed. 2004)).

Further, the pleadings may only be stricken if they are (1) insufficient defenses, (2) redundant, (3) immaterial, (4) impertinent, or (5) scandalous. See Rule 12(f); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-974 (9th Cir. 2010).

**"Immaterial matter is that which has no essential or important relationship to the claim for relief** or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation omitted), *rev'd on other grounds, Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).  "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.*

### A. Defendant Failed to Provide Any Evidence that the PAGA Allegations are Unmanageable

Defendant's renewed motion to strike fails to identify any facts in support of the proposition that Plaintiff's PAGA claim is unmanageable.  A statement of only the number of **possible** aggrieved employees does not meet the high threshold of striking PAGA claims which, as explained by this Court, requires a showing of significant case-specific evidence that a PAGA claim is unmanageable.  *See Salazar v. McDonald's Corp.*, No. 14-cv-02096-RS, 2017 U.S. Dist. LEXIS 9641, at *26-*27 (N.D. Cal. Jan. 5, 2017).  In *Salazar*, this Court specifically cautioned courts to be " careful not to hold that PAGA actions can never be maintained wherever individual assessments are required because

'every PAGA action in some ways requires some individualized assessment regarding whether a Labor Code violation has occurred.'" *Id.* at *27 (*quoting Brown v. Am. Airlines, Inc.*, No. CV 10-8431-AG(PJWx), 2015 U.S. Dist. LEXIS 150670, *3 (C.D. Cal. Oct. 5, 2015)).

Defendant has not presented a shred of evidence that a trial regarding the PAGA claim in this action will be unmanageable. Defendant relies solely on the **possible** number of aggrieved employees and fails to follow the instructions set forth by this Court in *Salazar* to provide evidence demonstrating the unmanageability of the PAGA claim. *Salazar*, 2015 U.S. Dist. LEXIS 150670 at *26-*27.

**B.     Discovery Regarding the Total Number of Aggrieved Employees is Ongoing**

This Court, in previously denying Defendant's Motion to Strike, found that Defendant's **"concerns regarding manageability appear premature"** as Plaintiff requires discovery to "enable her to ascertain the exact number of employees covered by the PAGA statute of limitations." (Order Denying Defendant's Motion to Strike, 7:3-6, [Doc. No. 89]). Since the Court's issuance of this Order, the Parties have presented numerous discovery disputes to the Magistrate Judge which led to Defendant's production of (1) a small sample of zone charts and (2) closing shift emails sent by employees. These documents were analyzed by Plaintiff's expert who was only able to identify two (2) other aggrieved employees based on the information provided, bringing the current number of aggrieved employees to three (3) out of the remaining 86 based on the exclusion of the 15 employees who provided declarations for Defendant stating that they did not work any overtime hours.

As explained by Plaintiff's expert, the aggrieved employees are being identified by comparing the shift times set forth in the zone charts with the time closing shift emails are being sent. (Lietzow Expert Report, ¶3, Exhibit 1). The aggrieved employees will only be those Assistant Head Coaches who worked a closing shift and performed work after the end of their shift based on the time Daily Recap emails were sent and were not paid overtime wages for this time. The specific time the Daily Recap emails were sent provides

the minimum amount of time an employee worked on a particular day. Plaintiff's expert opines that with the production of all zone charts during the relevant statutory period with the names of all Assistant Head Coaches unredacted, he will be able to efficiently identify additional aggrieved employees.  (Id. at ¶¶4-7, 21).

With the completion of Mr. Lietzow's analysis of the documents produced by Defendant thus far, Plaintiff will seek the Magistrate Judge's reconsideration of the prior discovery order which limited Defendant's production to only a small sample of zone charts.  The complete production of zone charts will aid Mr. Lietzow in efficiently identifying any and all additional potentially aggrieved employees.  Defendant's motion to strike and claim of unmanageability are, therefore, still premature as the total number of potentially aggrieved employees has not been determined.

### C. Defendant Ignores Ninth Circuit Precedent Holding that PAGA Actions By the State of California Are Materially Different from Class Actions Where Plaintiffs Represent Other Employees

Defendant continues to improperly argue that Plaintiff is required to comply with Fed. R. Civ. Proc. 23 in order to assert a PAGA claim.  Specifically, Defendant argues that Plaintiff's PAGA claims can be stricken unless Plaintiff demonstrates that "individualized issues [do not] predominate" as to the elements of the overtime exemptions.  This proposition is patently incorrect and contrary to the binding authority on the substantive rights of the State of California under PAGA which comes from the Ninth Circuit. The Ninth Circuit held in *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117 (9th Cir. 2014) that PAGA is not sufficiently similar to Rule 23 to establish the original jurisdiction of a federal court under CAFA.  Thereafter, the Ninth Circuit in *Sakkab* returned to the issue in order to revisit the "fundamental differences between PAGA actions and class actions." *Id; see also Sakkab*, 803 F.3d at 435.

Defendant's motion, that turns Ninth Circuit precedent upside down, fails to come anywhere close to proving that the substantive rights of the State of California should be stricken if FRCP 23 requirements are not met.  The arguments of Defendant suffers from the fundamental misunderstanding of what a representative actions is under the PAGA.

An employee bringing a PAGA action is not attempting to represent other employees, but rather is acting as a representative of the State of California "as the proxy or agent of the state's labor law enforcement agencies," *Arias*, 46 Cal. 4th 986. "As the state's proxy, an employee-plaintiff may obtain civil penalties for violations committed against absent employees, Cal. Lab. Code § 2699(g)(1), just as the state could if it brought an enforcement action directly." *Sakkab*, 803 F.3d at 436.

> **Unlike Rule 23(c)(2), PAGA has no notice requirements** for unnamed aggrieved employees, nor may such employees opt out of a PAGA action. **In a PAGA action, the court does not inquire into the named plaintiff's and class counsel's ability to fairly and adequately represent unnamed employees—critical requirements in federal class actions under Rules 23(a)(4) and (g)**. . . . Moreover, **unlike Rule 23(a), PAGA contains no requirements of numerosity, commonality, or typicality**.

*Id.*

Therefore, while Plaintiff is not representing other employees for their claims for damages and restitution, Plaintiff is not precluded from representing the State to seek all the civil penalties that the State itself could pursue under PAGA. These are two very different kinds of representative actions that Defendant conflates in order to erroneously bootstrap the predominance element of class certification into a non-class claim.

Notably, the Ninth Circuit also explained that, "**even if there were evidence that representative PAGA actions take longer or cost more to arbitrate than other types of claims, the same could be said of any complex or fact-intensive claim**." *Sakkab*, 803 F.3d at 438. Thus, the Defendant's claims of individualized analyses here only make the unremarkable showing that the PAGA claim is fact-intensive, but this is no reason to limit Plaintiff's due process rights to the scope of discovery needed for the claim. If that was the case, then there would be a Federal Rule allowing courts to limit the substantive rights of litigants bringing complex claims in antitrust, patent infringement, or other complex claims based on "manageability." There is, however, no such rule anywhere outside of the superiority prong of the rules pertaining to class certification under Fed. R. Civ. Proc. 23.

A District Court denied the same kind of motion brought by Defendant here after *Sakkab* was issued, reasoning correctly that "[a]t trial, plaintiff may prove that defendant

violated the California Labor Code with respect to the employees it describes as 'aggrieved employees,' some of the employees, or he may not prove any violations at all. **But the fact that proving his claim may be difficult or even somewhat burdensome for himself and for defendant does not mean that he cannot bring it at all**." *Zackaria v. Wal-Mart Stores, Inc.*, 142 F. Supp. 3d 949 (C.D. Cal. 2015).

### D. The State of California Cannot Be Punished for Defendant's Failure to Have Any Evidence So as to Assert the Affirmative Defense of Exempt Work

**Under California law, an employer bears the burden of demonstrating that an employee is exempt from the Labor Code's overtime requirements.** *Nordquist v. McGraw-Hill Broad. Co.*, 38 Cal. Rptr. 2d 221, 225-26 (Cal. App. 1995). Accordingly, Defendant is responsible for maintaining contemporaneous records that prove Plaintiff and the other aggrieved employees were properly classified as exempt under California law. The fact that these contemporaneous records do not exist is a result of a problem created by Defendant, not Plaintiff. As a result, Defendant seeks to have the State of California's claims for unpaid overtime dismissed due to Defendant's lack of record keeping. Such an injustice of rewording the nonfeasance of Defendant should be given short shrift.

Defendant is free to put on evidence as to Defendant's affirmative defense, but cannot use Defendant's failure to have contemporaneous evidence supporting Defendant's exemption decision used as a grounds to deny recovery. Just as an employee cannot be punished for an employer's failure to maintain records of overtime hours worked, the State of California also should not be punished in the PAGA action by the omissions of the Defendant that failed to articulate a manageable way to present Defendant's claimed affirmative defense. If that were the case, then all defendants in PAGA actions could avoid liability simply by throwing up their hands and feigning an inability to defend the action. This argument of having no evidence is ridiculous.

Plaintiff as a working class employee has hired contingent lawyers who have done the work and undertaken the expense of preparing a case that will prove that Plaintiff and currently two (2) other aggrieved individuals worked overtime without pay on a pay

period by pay period, person by person basis.  Proof of the lack of exemption is not Plaintiff's burden.

The Defendant is a behemoth corporation that is also the employer with all the access to the work of the Plaintiff and the aggrieved employees. Defendant made the exemption decision and, as a result, needs to provide the evidence that supports that decision.  As the party with the undisputed control over the work of these employees day in and day out, Defendant had all the means to maintain and preserve records of the work performed that could be used for an affirmative defense. Defendant has provided to this Court no justification for the Defendant's deliberate choice to turn a blind eye to the work Defendant's own employees performed for Defendant day in and day out as to proving the exemption.  This kind of willful ignorance must not be rewarded by denying the State of California the Constitutional Due Process rights to prosecute Defendant under the PAGA for the unpaid overtime hours worked by the aggrieved employees, which Plaintiff can prove in an efficient and manageable way.

Unlike a proposed class representative in a class action, the State of California does not have the burden of demonstrating that common issues predominate the resolution of the Defendant's affirmative defense.  Courts have concluded that  PAGA actions, "**as a law enforcement action seeking to protect the public against Labor Code violations by assessing penalties against violating employers, serve a fundamentally different purpose from class actions and, as a result, may proceed even where the class claims fail for lack of a showing of predominance**." *Pedroza v. PetSmart, Inc.*, 2013 U.S. Dist. LEXIS 53794, at *51 (C.D. Cal. Jan. 28, 2013). If the distinction between class and representative PAGA claims is to have any meaning, then Defendant's claims of an inability to present a cogent affirmative defense cannot be a basis to strike the PAGA claims. Such an inequitable outcome would be the result of erroneously conflating the usual defenses to a *procedural* class certification motion under Rule 23 with the requirement to present an affirmative defense to *substantive* claims such as PAGA, which Plaintiff can present in a manageable and efficient way.

### E. **Plaintiff's Is Not Required to Disprove the Exemption**

The primary cause of action in this case is that Defendant failed to comply with California Labor Code § 510 by failing to ensure that work performed in excess of eight hours in one workday was paid at a rate of no less than one and one-half times the regular rate of that employees. The cause of action is brought on an individual basis on behalf of Plaintiff for restitution for those hours she worked more than eight (8) in a day without overtime pay. The cause of action is also brought on behalf of the State of California pursuant to the PAGA, which claim gives rise to civil penalties as measured by the number and amount of violations that were suffered by other aggrieved employees.

The trial of this case is manageable. There is no dispute that Defendant failed to pay overtime wages for the overtime hours worked by these employees. This fact will be established before trial. As to the amount of overtime wages that were unpaid, these numbers will be ascertained by Plaintiff's expert, Mr. Eric Lietzow, who will compare employee shift schedules with the times daily recap emails were sent by the specific employees to determine the minimum number of hours worked.

Plaintiff's trial plan is to admit the uncontested fact that these employees were all denied overtime wages, call Plaintiff and the 30(b)(6) witnesses to describe the job and authenticate the schedules, and then call Plaintiff's expert to allow for explanation for the calculation of penalties owed as a result of the failure to pay overtime wages.

Defendant's argument that this action will be unmanageable fails to address Plaintiff's case in chief and instead erroneously claims that Plaintiff has the burden to prove that Plaintiff and each aggrieved employee was misclassified as exempt from receiving overtime wages for overtime hours worked. The opposite is true as the exemption is the Defendant's affirmative defense to a violation of California's overtime laws. As a result, the burden of proving the affirmative defense falls squarely on the Defendant.

The California Labor code creates a presumption that employees are entitled to overtime pay and employers are required to pay overtime wages unless the employer

meets its burden of proving the affirmative defense the employee is subject to an overtime exemption. *Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 825 (9th Cir. 2011) ("**In California, overtime exemption is an affirmative defense that must be pled and proved by the employer**."); *Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal. 4th 319, 338 (2004) (**The employer "bear[s] the burden of proving the affirmative defense of plaintiff's exemption from overtime."**).

No authority supports Defendant's claim that Plaintiff has to disprove the applicability of the overtime exemption for each aggrieved employee just because this is a PAGA action. Importantly, only after Plaintiff has seen Defendant's evidence will Plaintiff be in a position to decide the final number of aggrieved employees Plaintiff seeks to include.

Indeed, Defendant is unable to cite a single case holding that plaintiff's burden is to prove the inapplicability of an overtime exemption. Defendant's argument, therefore, that the burden of disproving an exemption shifts to the State or its proxy in a PAGA action is unsupported and erroneous. **The burden of proving an affirmative defense to liability remains with the defendant in government enforcement actions where civil or criminal penalties are sought**. *See e.g*, *Gomez v. Dexter*, 2009 WL 4107827, *35 (C.D. Cal. Nov. 24, 2009); *People v. Salas*, 37 Cal.4th 967, 981-82 (2006).

### F. The Evidentiary Record for Defendant's Affirmative Defense Is Finite and Manageable

Defendant's admissions prove that the issue of whether the Aggrieved Employees were correctly classified as exempt from the payment of overtime can, in fact, be efficiently and expeditiously adjudicated at trial. Defendant, through its Fed. R. Civ. Proc. 26 Initial Disclosures, has specifically identified only one (1) individual who may have discoverable information on this issue for trial for purposes of trial. (*See* Defendant's Initial Disclosures, Exhibit 2). Defendant has also identified only eighteen (18) categories of documents which Defendant plans to use at trial. (*Id*.).

This record reflecting the finite universe of facts and witnesses pertaining to Defendant's affirmative defense is not inherently unmanageable and if Defendant thinks

otherwise, the situation would be a crisis of Defendant's own making and therefore should not be used to penalize the Plaintiff or State of California by depriving either of them of their Due Process right to their day in Court.  The remedy for Defendant's failure to comply with the law and keep records is not that Plaintiff's case gets thrown out before her day in Court. Rather, Plaintiff and the State are entitled to their day in Court and Defendant is entitled to Defendant's allotted time to present Defendant's evidence to the jury.  Defendant is most certainly not entitled to have the Court prejudge the outcome of the trial based on speculation and conjecture.

"A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing or on a motion any witness or information not so disclosed." Fed. R. Civ. Proc. 37(c)(1); *see Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005); *see also Ollier v. Sweetwater Union High School Dist.*, No. 07cv714-L, 2010 WL 4932173, 1 (S.D. Cal. November 30, 2010) (excluding evidence relating to an affirmative defense that was not disclosed evidence despite being responsive to an interrogatory in sex discrimination case).  Further, "The purpose of the rule is to prevent the practice of sandbagging an opposing party with new evidence." *Haas v. Del. & Hudson Ry. Co.*, 282 Fed. App'x 84, 86 (2d Cir. 2008).

Plaintiff is certain that the evidence and arguments to be presented at trial regarding the erroneous use of the exemption for the named aggrieved employees can be effectively presented to the jury in a manageable manner once Defendant has presented Defendant's evidence as to the legal justification for the classification for each employee.  The only reason Defendant is making a claim to the contrary is to deprive Plaintiff and the State of California of their respective day in Court in violation of their respective Constitutional Due Process rights.

### G.  Defendant's Authority Is Distinguishable and Inapplicable Here

None of the cases cited by Defendant hold that individualized assessments automatically make PAGA claims unmanageable. Defendant misleads the Court by asserting that *Salazar v. McDonald's Corp.* struck the PAGA claims as unmanageable based on a need for individualized determinations. **The *Salazar* Court struck the PAGA claims because the aggrieved employees were "not defined with particularity" based on how the plaintiffs defined the aggrieved employees**. *Salazar*, 2017 U.S. Dist. LEXIS 9641, *29-30 (N.D. Cal. Jan. 5, 2017). In this case, the Court already held that the potential aggrieved employees have been defined with specificity. (See Order Denying Defendant's Motion to Strike, 7:8-20, [Doc. No. 89].) As such, there is no confusion regarding the definition of the Aggrieved Employees and the final list will be both limited and specific. The *Salazar* decision is, therefore, inapposite.

Further, Defendant erroneously relies on decisions which pre-date *Sakkab* and the post-*Sakkab* cases which clearly rely on pre-*Sakkab* law and are, therefore, not persuasive. None of the cases cited by Defendant stand for the blanket statement that the existence of any potential individualized issues makes a case unmanageable – each of those cases clearly state that the courts "do[] not conclude that PAGA claims are unmanageable in general, but only that the circumstances of [the] case can make PAGA claims [] unmanageable...." *Ortiz v. CVS Caremark Corp.*, 2014 U.S. Dist. LEXIS 26833, *4 (N.D. Cal. Mar. 19, 2014); *see also Brown v. Am Airlines, Inc.*, 2015 U.S. Dist. LEXIS 150672, *9-*10 (C.D. Cal. Oct. 5, 2015) (whether a PAGA claim is unmanageable requires an individual review of the circumstances surrounding that case); *Amey v. Cinemark USA Inc.*, 2015 WL 2251504, *16 (N.D. Cal. May 13, 2015) (same); *Bowers v. First Student, Inc.*, 2015 WL 1862914, *4 (C.D. Cal. Apr. 23, 2015) (same); *Litty v. Merrill Lynch & Co., Inc.*, 2014 WL 5904904, at *3 (C.D. Cal. Nov. 10, 2014) (same).

Here, as stated above, Defendant has failed to provide any evidence or facts in support of the contention that Plaintiff's PAGA claim is unmanageable, as required by the cases cited by Defendant. Indeed, Plaintiff thus far can only state three (3) aggrieved

employees, including Plaintiff, as discovery has been limited and Defendant will not produce documents or name any witnesses to support Defendant's affirmative defenses. Further, Plaintiff here has demonstrated how Plaintiff's case in chief is manageable and how Defendant has no excuse for the claim that the presentation of Defendant's defenses is unmanageable other than Defendant's failure to follow the law.

### H. Plaintiff Would Consider Bifurcation

A court "has broad discretion to bifurcate a trial to permit deferral of costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Jinro America Inc., v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir.). Plaintiff would consider setting Plaintiff's individual Labor Code claims to be determined by a trial before a trial on the representative PAGA claims as followed by the Court in *Stafford v. Dollar Tree Stores, Inc.*, 2014 U.S. Dist. LEXIS 163458, *12 (E.D. Cal. Nov. 20, 2014).

### III. CONCLUSION

Defendant's motion is premature and conflicts with the Ninth Circuit and the Supreme Court of California. Defendant's request also finds no support in any Federal Rule. For these reasons, Plaintiff respectfully submits that Defendant's motion should be denied.

Respectfully submitted,

Dated: September 7, 2017   **BLUMENTHAL, NORDREHAUG & BHOWMIK, LLP**

By:   */s/ Piya Mukherjee*
Aparajit Bhowmik
Piya Mukherjee
piya@bamlawca.com
Attorneys for Plaintiff