SEYFARTH SHAW LLP
Jon D. Meer (SBN 144389)
E-mail:  jmeer@seyfarth.com
Sheryl L. Skibbe (SBN 199441)
E-mail:  sskibbe@seyfarth.com
Michael Afar (SBN 298990)
E-mail:  mafar@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:     (310) 277-7200
Facsimile:      (310) 201-5219

Attorneys for Defendant
NIKE RETAIL SERVICES, INC.

BLUMENTHAL, NORDREHAUG & BHOWMIK
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
Piya Mukherjee (State Bar #274217)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAYAL PATEL, an individual, on behalf of herself, on behalf of all persons similarly situated, and as the representative of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>NIKE RETAIL SERVICES, INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 3:14-cv-04781-RS<br><br>*Assigned to the Hon. Richard Seeborg*<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DETERMINATION OF NUMBER OF "AGGRIEVED EMPLOYEES" FOR PAGA CLAIMS**<br><br>Complaint Filed:        November 25, 2013 |

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING
DETERMINATION OF NUMBER OF "AGGRIEVED EMPLOYEES" FOR PAGA CLAIMS
CASE NO. 3:14-CV-04781-RS

41641771v.2

Plaintiff Payal Patel ("Plaintiff") and Defendant Nike Retail Services, Inc. ("Nike") hereby submit this Joint Stipulation Regarding Determination Of Number Of "Aggrieved Employees" For PAGA Claims.

## RECITALS

1. WHEREAS, on August 24, 2017, Nike filed a Motion To Strike Any Representative PAGA Action Allegations In The Complaint Or, Alternatively, For Judgment On The Pleadings As To The Representative PAGA Action (Dkt. No. 99);

2. WHEREAS, on September 28, 2017, the Court held a hearing on Nike's pending motion (Dkt. No. 102);

3. WHEREAS, Nike contends that there are approximately 101 Assistant Head Coaches in the representative PAGA action, and Plaintiff contends that there are as few as three Assistant Head Coaches in the representative PAGA action;

4. WHEREAS, at the hearing on Nike's pending motion, the Court ordered the Parties to "meet[] and confer[] and find out whether or not there is a path forward vis-a-vis each other on exchange of information for purposes of … giving [the Court] an answer" regarding the number of potentially "aggrieved employees" subject to Plaintiff's representative PAGA claims; and

5. WHEREAS, counsel for the Parties have met and conferred, and have agreed to use electronic scheduling data, instead of daily zone charts, to show the scheduled days and approximate scheduled hours for Assistant Head Coaches during the applicable PAGA period. The electronic scheduling data is the same type of scheduling information available in the zone charts. Defendant agrees not to later object to Plaintiff's use of the electronic scheduling data on the grounds that the zone chart data is more accurate and reliable.

## JOINT STIPULATION

**NOW, THEREFORE,** the Parties stipulate as follows:

1. Nike shall produce electronic scheduling data showing the scheduled days and scheduled hours for all Assistant Head Coaches during the applicable PAGA period of November 25, 2012 until the present, with the exclusion of the 15 Assistant Head Coaches who submitted declarations stating that

1

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING
DETERMINATION OF NUMBER OF "AGGRIEVED EMPLOYEES" FOR PAGA CLAIMS
CASE NO. 3:14-CV-04781-RS

41641771v.2

they never worked overtime during the PAGA period. Other declarations may be used for other purposes.

2. Since Assistant Head Coaches do not clock in and out during their shifts, the Parties agree that there are no other categories of documents that are more accurate in showing the actual hours worked and actual days worked by Assistant Head Coaches than the electronic scheduling data.

3. Nike shall produce the electronic scheduling data within 30 days from the date of the Court's order on this joint stipulation.

4. The Parties agree that no further discovery by Plaintiff shall be needed or requested to determine the potential number of "aggrieved employees" who could be included as part of Plaintiff's PAGA claims, and that there shall be no additional production of daily zone charts.

5. Plaintiff's expert shall review the daily recap emails produced by Nike and compare them to the electronic scheduling data produced by Nike, in order to determine which Assistant Head Coaches sent an email following eight hours of scheduled work and are, therefore, potentially "aggrieved employees."

6. Plaintiff's expert shall prepare a report detailing the number of Assistant Head Coaches who are "aggrieved employees." This report is to be prepared and produced to Nike no later than 60 days following the production of electronic scheduling data. Plaintiff's expert's report shall contain the name of each "aggrieved" Assistant Head Coach, as well as each date and time, for each employee, where a daily recap email was sent following eight hours of scheduled work.

7. If Nike requests, Plaintiff's expert shall be available for deposition within 30 days following the date of production of the expert report.

8. Nike may thereafter raise any objections regarding the number of potentially "aggrieved employees" as determined by Plaintiff's expert. Nike, however, will not object regarding the number of potentially "aggrieved employees" on the basis that the zone charts contained data which were more accurate and reliable than the data contained in the electronic scheduling data. Alternatively, Nike may stipulate to the number of potentially "aggrieved employees" as determined by Plaintiff's expert.

9. To the extent the scheduling data is also used to calculate PAGA civil penalties, Nike will

41641771v.2

not object to the use of the scheduling data on the grounds that the zone charts contained scheduling data which was more accurate and reliable than the data contained in the electronic scheduling data.

10. The Parties will subsequently file a Stipulation and [Proposed] Order stating: (i) the agreed-upon number of potential "aggrieved employees"; or (ii) if the Parties do not agree on the number of potential "aggrieved employees," the Parties' respective positions regarding the number of potential "aggrieved employees." The Court will be able to rely on this Stipulation when analyzing the number of potential "aggrieved employees" and for purposes of ruling on a subsequent Motion To Strike Any Representative PAGA Action Allegations In The Complaint Or, Alternatively, For Judgment On The Pleadings As To The Representative PAGA Action, to be filed by Nike.

11. Should the Parties fail to reach a Stipulation on the number of "aggrieved employees" following the production of electronic scheduling data and the expert report, the Parties shall request a case management conference for final determination by the Court.

12. The case management conference set for November 9, 2017 shall be vacated.

**IT IS SO STIPULATED.**

DATED: November 6, 2017         SEYFARTH SHAW LLP

                                By: */s/ Michael Afar*
                                    Jon D. Meer
                                    Sheryl L. Skibbe
                                    Michael Afar
                                Attorneys for Defendant
                                NIKE RETAIL SERVICES, INC.

DATED: November 6, 2017         BLUMENTHAL, NORDREHAUG & BHOWMIK

                                By: */s/ Molly DeSario*
                                    Norman B. Blumenthal
                                    Kyle R. Nordrehaug
                                    Aparajit Bhowmik
                                    Molly DeSario
                                Attorneys for Plaintiff
                                PAYAL PATEL

3
JOINT STIPULATION AND [PROPOSED] ORDER REGARDING
DETERMINATION OF NUMBER OF "AGGRIEVED EMPLOYEES" FOR PAGA CLAIMS
CASE NO. 3:14-CV-04781-RS

41641771v.2

# [~~PROPOSED~~] ORDER

Based on the stipulation of the Parties, **IT IS HEREBY ORDERED** as follows:

1. Nike shall produce electronic scheduling data showing the scheduled days and scheduled hours for all Assistant Head Coaches during the applicable PAGA period of November 25, 2012 until the present, with the exclusion of the 15 Assistant Head Coaches who submitted declarations stating that they never worked overtime during the PAGA period. Other declarations may be used for other purposes.

2. Since Assistant Head Coaches do not clock in and out during their shifts, the Parties agree that there are no other categories of documents that are more accurate in showing the actual hours worked and actual days worked by Assistant Head Coaches than the electronic scheduling data.

3. Nike shall produce the electronic scheduling data within 30 days from the date of the Court's order on this joint stipulation.

4. The Parties agree that no further discovery by Plaintiff shall be needed or requested to determine the potential number of "aggrieved employees" who could be included as part of Plaintiff's PAGA claims, and that there shall be no additional production of daily zone charts.

5. Plaintiff's expert shall review the daily recap emails produced by Nike and compare them to the electronic scheduling data produced by Nike, in order to determine which Assistant Head Coaches sent an email following eight hours of scheduled work and are, therefore, potentially "aggrieved employees."

6. Plaintiff's expert shall prepare a report detailing the number of Assistant Head Coaches who are "aggrieved employees." This report is to be prepared and produced to Nike no later than 60 days following the production of electronic scheduling data. Plaintiff's expert's report shall contain the name of each "aggrieved" Assistant Head Coach, as well as each date and time, for each employee, where a daily recap email was sent following eight hours of scheduled work.

7. If Nike requests, Plaintiff's expert shall be available for deposition within 30 days following the date of production of the expert report.

8. Nike may thereafter raise any objections regarding the number of potentially "aggrieved

employees" as determined by Plaintiff's expert. Nike, however, will not object regarding the number of potentially "aggrieved employees" on the basis that the zone charts contained data which were more accurate and reliable than the data contained in the electronic scheduling data. Alternatively, Nike may stipulate to the number of potentially "aggrieved employees" as determined by Plaintiff's expert.

9. To the extent the scheduling data is also used to calculate PAGA civil penalties, Nike will not object to the use of the scheduling data on the grounds that the zone charts contained scheduling data which was more accurate and reliable than the data contained in the electronic scheduling data.

10. The Parties will subsequently file a Stipulation and [Proposed] Order stating: (i) the agreed-upon number of potential "aggrieved employees"; or (ii) if the Parties do not agree on the number of potential "aggrieved employees," the Parties' respective positions regarding the number of potential "aggrieved employees." The Court will be able to rely on this Stipulation when analyzing the number of potential "aggrieved employees" and for purposes of ruling on a subsequent Motion To Strike Any Representative PAGA Action Allegations In The Complaint Or, Alternatively, For Judgment On The Pleadings As To The Representative PAGA Action, to be filed by Nike.

11. Should the Parties fail to reach a Stipulation on the number of "aggrieved employees" following the production of electronic scheduling data and the expert report, the Parties shall request a case management conference for final determination by the Court.

12. The case management conference set for November 9, 2017 shall be vacated.

**IT IS SO ORDERED.**

DATED: 11/7/17

SIGNED: _____
Hon. Richard Seeborg
Judge for the United States District Court
for the Northern District of California