SEYFARTH SHAW LLP
Jon D. Meer (SBN 144389)
E-mail:  jmeer@seyfarth.com
David Rosenberg (SBN 292094)
E-mail:  drosenberg@seyfarth.com
Michael Afar (SBN 298990)
E-mail:  mafar@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:     (310) 277-7200
Facsimile:     (310) 201-5219

Attorneys for Defendant
NIKE RETAIL SERVICES, INC.

BLUMENTHAL NORDREHAUG BHOWMIK DE
BLOUW LLP
    Norman B. Blumenthal (State Bar #068687)
    Kyle R. Nordrehaug (State Bar #205975)
    Aparajit Bhowmik (State Bar #248066)
    Piya Mukherjee (State Bar #274217)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAYAL PATEL, an individual, on behalf of herself, on behalf of all persons similarly situated, and as the representative of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>NIKE RETAIL SERVICES, INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 3:14-cv-04781-RS<br><br>*Assigned to the Hon. Richard Seeborg*<br><br>**JOINT STIPULATION REQUESTING APPROVAL OF PAGA SETTLEMENT; ORDER APPROVING PAGA SETTLEMENT AND JUDGMENT**<br><br>Complaint Filed:     November 25, 2013 |

Plaintiff Payal Patel ("Plaintiff") and Defendant Nike Retail Services, Inc. ("Defendant" or "Nike"), by and through their respective counsel of record, hereby submit this Joint Stipulation to seek an Order and Judgment approving the settlement of Plaintiff's claims under the California Private Attorneys General Act, Labor Code §§ 2698 et seq. ("PAGA").

## RECITALS

1.     WHEREAS, on September 24, 2013, Plaintiff sent a letter, via certified mail, to the California Labor & Workforce Development Agency ("LWDA") setting forth the provisions of the Labor Code that Plaintiff alleges that Defendant violated and the facts and theories supporting the alleged violations;

2.     WHEREAS, on November 25, 2013, Plaintiff filed the operative Complaint in this action, alleging causes of action for: (1) Unfair Competition in Violation of California Bus. & Prof. Code §§ 17200, *et seq.*; (2) Failure to Pay Overtime Compensation in Violation of Cal. Labor Code §§ 510, 1194, and 1198 *et seq.*; (3) Failure to Provide Accurate Itemized Statements in Violation of Cal. Labor Code § 226; (4) Failure to Provide Wages When Due in Violation of Cal. Labor Code §§ 201, 202, and 203; and (5) Violation of the Private Attorneys General Act, Cal. Labor Code §§ 2698 *et seq.*;

3.     WHEREAS, on March 29, 2016, the Court denied Plaintiff's Motion for Class Certification (Dkt. No. 73), eliminating any class-wide claims;

4.     WHEREAS, the Parties have negotiated a settlement of the remaining PAGA claim and Plaintiff's individual claims, a copy of which is attached hereto as Exhibit 1 ("Settlement Agreement"), and agree to dismiss this action with prejudice as to the PAGA claim and Plaintiff's individual claims, based on the Settlement Agreement;

5.     WHEREAS, the Settlement Agreement was negotiated at arm's length with the assistance of Magistrate Judge Thomas S. Hixson, pursuant to this Court's order for the Parties to participate in a Mandatory Settlement Conference; and

6.     WHEREAS, counsel for the Parties have conducted formal and informal discovery and investigation into the claims at issue and have assessed both the strengths and weaknesses of the claims and the risks of continued litigation.

1

**JOINT STIPULATION**

2        **NOW, THEREFORE,** the Parties stipulate to settle the PAGA claim according to the terms and

3    conditions set forth in the attached Settlement Agreement and jointly request that the Court approve the

4    Settlement Agreement under California Labor Code § 2699(l).

5

6        **IT IS SO STIPULATED.**

7

8    DATED: April 11, 2019                    SEYFARTH SHAW LLP

9                                             By: */s/ Michael Afar*
                                                  Jon D. Meer
10                                                David Rosenberg
                                                  Michael Afar
11                                           Attorneys for Defendant
                                             NIKE RETAIL SERVICES, INC.
12

13   DATED: April 11, 2019                    BLUMENTHAL NORDREHAUG BHOWMIK DE
                                             BLOUW, LLP
14
                                             By: */s/ Kyle R. Nordrehaug*
15                                                Norman B. Blumenthal
                                                  Kyle R. Nordrehaug
16                                                Aparajit Bhowmik
                                                  Piya Mukherjee
17                                           Attorneys for Plaintiff
                                             PAYAL PATEL
18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION REQUESTING APPROVAL OF PAGA SETTLEMENT
CASE NO. 3:14-CV-04781-RS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## [PROPOSED] ORDER AND JUDGMENT

The Court, having read and considered the Parties' Joint Stipulation and the Settlement Agreement, HEREBY ORDERS, ADJUDGES, AND DECREES THAT:

1.     The Parties' Joint Stipulation Requesting Approval of PAGA Settlement is granted.

2.     The Court approves and incorporates by reference the terms and conditions of the Settlement Agreement attached to the Parties' Joint Stipulation, and directs the implementation of all remaining terms, conditions, and provisions of the Settlement Agreement.

3.     The Settlement Agreement is not an admission by Defendant, nor is this Order and Judgment a finding of any wrongdoing or liability by Defendant.  Neither the Settlement Agreement, nor any document referred to or contemplated therein, nor any actions taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission, concession, or indication by or against Defendant of any unlawful conduct, fault, wrongdoing, or liability whatsoever.

4.     This Judgment shall be binding on Plaintiff, all Aggrieved Employees (as defined in the Settlement Agreement), and the State of California, who are hereby barred from re-litigating the Released Claims against Defendant and the Released Parties.  *See Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009) (holding that a judgment in a PAGA representative action brought by an "aggrieved employee" is binding not only on the named plaintiff but also on state labor law enforcement agencies and any "aggrieved employees" not a party to the proceeding).

5.     The PAGA Payment (as defined in the Settlement Agreement) shall be fully attributable as penalties, not as wages.  Accordingly, Defendant is not responsible for any employer-side taxes in connection with any PAGA Payment under the Settlement Agreement.

6.     Judgment is hereby entered on Plaintiff's PAGA claim in accordance with the terms of the Settlement Agreement.

7.     The action is dismissed with prejudice as to Plaintiff's PAGA claims and individual claims, and dismissed without prejudice as to all other causes of action in Plaintiff's Complaint.

///

///

///

1

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

DATED: __May 8, 2019__        SIGNED: _____

Hon. Richard Seeborg
Judge for the United States District Court
for the Northern District of California

# EXHIBIT 1

<u>**SETTLEMENT AGREEMENT**</u>

This Settlement Agreement ("Settlement Agreement") is made and entered into between Plaintiff Payal Patel acting in her individual capacity and in a private attorney general capacity on behalf of the State of California ("Plaintiff"), and Defendant Nike Retail Services, Inc. ("Defendant").

## I.   <u>DEFINITIONS</u>

The following terms, when used in this Settlement Agreement, shall have the following meanings:

1.     "Action" means the action entitled *Patel v. Nike Retail Services, Inc.,* currently pending in the United States District Court, Northern District of California, Case No. 3:14-cv-04781-RS.

2.     "Aggrieved Employees" means all individuals who are or previously were employed by Defendant Nike Retail Services, Inc., in the position of Assistant Head Coach or AHC during the period of November 25, 2012 to February 24, 2017 listed in Plaintiff's expert report dated February 5, 2018.  The Aggrieved Employees are estimated to consist of 40 individuals.  The Aggrieved Employees are all of the AHCs who worked in excess of eight hours per day or 40 hours per week during the limitations period for the Action.  The Aggrieved Employees are listed in Exhibit A.

3.     "Court" means the United States District Court, Northern District of California.

4.     "Defendant's Counsel" means the law firm of Seyfarth Shaw LLP.

5.     "Individual PAGA Payment" means the amount to be paid to each of the Aggrieved Employees out of 25% of the PAGA Payment under Labor Code section 2699 and 100% of the PAGA Payment under Labor Code section 558. Such individual shares are to be apportioned and based on the number of pay periods attributed to each Aggrieved Employee based on the calculations completed by Plaintiff's expert and the expert report dated February 5, 2018.

6.     "Individual Settlement Payment" means the amount paid as part of the Gross Settlement Amount of $20,000 to Plaintiff in exchange for a settlement and release of Plaintiff's individual claims.  Plaintiff's individual claims include any claims arising out of her employment with Defendant.  The Individual Settlement Payment is in addition to the Plaintiff's share of the PAGA Payment and is to be paid out of the Gross Settlement Amount.  The Individual Settlement Payment is subject to withholdings based upon the tax allocation as set forth herein. The employer's share of payroll taxes on the Individual Settlement Payment shall be paid from the Gross Settlement Amount.

7.     "LWDA" means the California Labor Workforce Development Agency.

8.     "Gross Settlement Amount" means the total sum of $185,000 for payment of the Individual Settlement Amount, Administration Costs, Attorneys' Fees, Attorneys' Expenses, and the PAGA Payment. The Gross Settlement Amount shall be the total amount paid by Defendant in connection with this matter.  The Gross Settlement Amount cannot be increased for any reason. The Gross Settlement Amount shall be all-in with no reversion to Defendant.

9.     "PAGA" means the California Labor Code Private Attorneys General Act, California Labor Code § 2698 *et seq.*

10.     "PAGA Action" means the Fifth Cause of Action asserted in the Complaint in the original *Patel v. Nike Retail Services, Inc.* Action, Superior Court of California, County of Alameda Case No. HG13704610 prior to the removal of the Action to the USDC, Northern District of California.

11.     "PAGA Approval Date" means the date that the Court signs the Judgment approving the settlement of the PAGA Action.

12.     "PAGA Payment" means the total amount remaining in the Gross Settlement Amount after payment of the Individual Settlement Payment to the Plaintiff, Attorneys' Fees, Attorneys' Expenses, and the Administration Costs. Of the PAGA Payment, 75% shall be allocated 100% to the Aggrieved Employees as a payment under Labor Code section 558, and 25% shall be allocated under Labor Code section 2699 with 75% of the Section 2699 payment going to the LWDA and 25% to the Aggrieved Employees.  The Aggrieved Employees will be issued a form 1099 for their Individual PAGA Payments.

13.     "PAGA Period" means the time period from November 25, 2012 to February 24, 2017.

14.      "Parties" means Plaintiff Payal Patel and Defendant Nike Retail Services, Inc.

15.     "Plaintiff's Counsel" and "PAGA Counsel" means the law firm of Blumenthal Nordrehaug Bhowmik De Blouw LLP.

16.     "Released Parties" means Defendant Nike Retail Services, Inc. and any of their current or former agents, officers, directors, employees, stockholders, members, parent corporations, subsidiaries, affiliates, partners, predecessors and successors in interest, insurers, attorneys, and assigns of the foregoing.

17.      "Settlement Administrator" means Simpluris.

## II.     RECITALS

1.     On November 25, 2013, Plaintiff filed a complaint in the Superior Court of California, County of Alameda which asserted four causes of action for individual and class claims for California Labor Code violations and a fifth cause of action under the Private Attorney General Act of 2004 (the "PAGA").

2.      On February 25, 2014, Defendant filed and served an Answer to Plaintiff's Complaint generally denying all claims and asserting 16 affirmative defenses.

3.      On February 26, 2014, Defendant removed the Action to federal court.  On July 21, 2014, the United States District, Northern District of California remanded the matter back to state court.

4.      On October 28, 2014, Defendant removed the Action for a second time to federal court.

5.      On March 29, 2016, the Court denied Plaintiff's Motion for Class Certification.

6.      On September 14, 2018, the Court denied Defendant's Renewed Motion to Strike and Motion for Judgment on the Pleadings.

7.      Pursuant to a Court order, the Parties engaged in a Settlement Conference before Magistrate Judge Thomas S. Hixson on January 9, 2019.  The Settlement Conference led to a settlement and the signing of a Memorandum of Understanding.  Judge Hixson assisted the Parties in arriving at an agreement as to the terms of settlement in his capacity as the settlement officer appointed by the Court.

9.      As a result of the settlement, the Parties have agreed to fully and finally resolve the PAGA Released Claims as to Plaintiff and the Aggrieved Employees as alleged in the PAGA Action pursuant to this Settlement Agreement and Plaintiff's individual claims as alleged in the Action.

## III.    OPERATIVE TERMS OF SETTLEMENT AGREEMENT

The Parties agree as follows:

1.      Non-Admission.  Nothing in this Settlement Agreement shall be construed to be an admission by Plaintiff that her claims do not have merit or by Defendant of any liability or wrongdoing as to Plaintiff, the Aggrieved Employees, or any other person, and Defendant specifically disclaims any such liability or wrongdoing.  The Parties have entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience, expenses, and risks.  This Settlement Agreement and any related court documents or orders are not and may not be cited or admitted as evidence of liability.

Nothing in this Settlement Agreement, nor any action taken in implementation thereof, nor any statements, discussions or communications, nor any materials prepared, exchanged, issued or used during the course of the negotiations leading to this Settlement Agreement, is intended by the Parties to constitute, nor will any of the foregoing constitute, be introduced, be used or be admissible in any way in this case or any other judicial, arbitral, administrative, investigative or other forum or proceeding as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity, by Defendant or any other Released Party.  The Parties themselves agree not to introduce, use, or admit this Settlement Agreement, directly or indirectly, in this case or any other judicial, arbitral,

3

administrative, investigative or other forum or proceeding, as purported evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity, or for any other purpose.  Notwithstanding the foregoing, this Settlement Agreement may be used in any proceeding before the Court that has as its purpose the interpretation, implementation, or enforcement of this Settlement Agreement or any orders or judgments of the Court entered in connection with the Settlement Agreement.

None of the documents produced or created by Defendant or any other Released Party, Plaintiff or the Aggrieved Employees in connection with the claims procedures or claims resolution procedures constitute, and they are not intended to constitute, an admission by Defendant or any other Released Party of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity.

Neither this Settlement Agreement nor any of its terms shall be offered or used as evidence by any of the Parties, or their respective counsel in the Action or in any other action or proceeding; provided, however, this shall not prevent this Settlement Agreement from being used, offered, or received in evidence in any proceeding to enforce, construe, or finalize this Settlement Agreement.

2.      Timing.  Within sixty (60) days after the Effective Date of this settlement, Defendant shall pay to the Settlement Administrator $185,000 as the Gross Settlement Amount, which includes $20,000 as the Individual Settlement Payment for Plaintiff's settlement of the individual claims.  The "Effective Date" of this settlement is the date on which the Court's order approving the settlement of the PAGA Action and judgment thereon ("Judgment") becomes final.  For purposes of this Settlement Agreement, the Court's Judgment "becomes final" upon the later of:  (i) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from, or other challenge to, the Court's Judgment (this time period shall not be less than 60 calendar days after the Court's Judgment is entered); (ii) if an appeal is filed, the date affirmance of an appeal of the Judgment becomes final; or (iii) if an appeal is filed, the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on review of any court of appeal decision relating to the Judgment.

3.      PAGA Demographics.  The calculations of the pay periods were completed by Plaintiff's expert witness, Eric Lietzow.  Plaintiff and Defendant have previously stipulated that the methodology used by Lietzow would be dispositive as to the number of pay periods for the Aggrieved Employees.  The Court has previously approved these stipulations.  The Settlement Administrator shall rely exclusively on the calculations completed by Lietzow when allocating the Individual PAGA Payments to each of the Aggrieved Employees.  There shall be no additional calculations performed by Plaintiff, Defendant, the Settlement Administrator or Lietzow.  Defendant shall have no obligation to search or review any records to determine the number of Aggrieved Employees or pay periods.

4.      Payments From the Gross Settlement Amount.  The Parties agree to the following allocations to be paid from the Gross Settlement Amount:

a.      PAGA Payment: The PAGA Payment is the total of the Gross Settlement Amount, less the payments for the Individual Settlement Payment to the Plaintiff, Attorneys'

Fees, Attorneys' Expenses and the Administration Costs, which shall be paid in full settlement of the PAGA Released Claims.  Should the amount of the PAGA Payment increase or decrease, the amount to be distributed shall be adjusted according to the changes made by the Court.  The PAGA Payment will be subject to Court approval consistent with Labor Code § 2699.  Upon approval, the PAGA Payment shall be distributed as follows:

(1)     Seventy-Five Percent (75%) shall be paid as a Labor Code section 558 payment to the Aggrieved Employees as part of their Individual PAGA Payments.  Each Individual PAGA Payment shall be based on the number of pay periods attributed and apportioned to each Aggrieved Employee during the PAGA Period (as determined by Plaintiff's expert, Eric Lietzow) as a percentage of the total pay periods attributed to all Aggrieved Employees during the PAGA Period (as determined by Plaintiff's expert, Eric Lietzow).  This amount shall constitute resolution of all remedies available under Labor Code section 558, and preclude pursuit by Aggrieved Employees of any claims for remedies available under Labor Code section 558.

(2)     Twenty-Five Percent (25%) shall be paid as a Labor Code section 2699 payment with 75% of this amount being paid to the LWDA and 25% being paid to the Aggrieved Employees as part of their Individual PAGA Payments in the percentages calculated under section 4(a)(1) hereinabove.  This amount shall constitute resolution of all remedies available under Labor Code section 2699, and preclude pursuit by Aggrieved Employees of any PAGA Released Claims.

(3)     The penalty settlement payments set forth in sections 4(a)(1) and 4(a)(2) will be reported on IRS Form 1099s.  The Parties acknowledge and agree that all payments under this Settlement Agreement as PAGA Payments are attributable as penalties.  None are attributable as wages.  Accordingly, the parties acknowledge and agree that Defendant is not responsible for any employer-side taxes in connection with any PAGA Payments under this Settlement Agreement.

b.      Attorneys' Fees and Attorneys' Expenses: $80,000 shall be paid to Plaintiff's Counsel for payment of Attorney's Fees, and up to $60,000 shall be paid to Plaintiff's Counsel for Attorneys' Expenses as set forth in the client's billing statement (pursuant to Declarations by Plaintiff's Counsel) in prosecuting the PAGA claims.  The Attorneys' Fees and Attorneys' Expenses requests shall be subject to the Court's review and approval, but Defendant agrees that it will not oppose Plaintiff's request for Attorneys' Fees and Attorneys' Expenses in these amounts.  In the event that the Court approves a payment of less than $80,000.00 in Attorneys' Fees or $60,000 in Attorneys' Expenses to Plaintiff's Counsel, the unawarded difference will be added to the PAGA Payment and not to Plaintiff's Counsel or the Defendant. This payment of Attorneys' Fees and Attorneys' Expenses will be reported on IRS Form 1099 issued to Plaintiff's Counsel. Except as set forth herein, each party shall bear their own costs and fees of this Action. The payment of Attorney's Fees and Attorneys' Expenses shall be made to Blumenthal Nordrehaug Bhowmik De Blouw LLP.

c.      Administration Costs:  The Settlement Administrator was selected after receipt of bids solicited by Plaintiff's Counsel and Defendant's Counsel, and the Parties jointly approved the final selection.  Administration Costs shall include the cost of the Settlement Administrator selected by the Parties to administer the settlement in the amount of up to $5,261. In the event that Court approval of these payments is required and a payment of less than $5,261 is approved, or if the actual cost to administer the settlement is less than $5,261, the difference will be added to the PAGA Payment.  In the event that the Settlement Administrator incurs documented expenses in excess of $5,261, those expenses shall be paid from the Gross Settlement Amount.

d.      Representative PAGA Release.  In her capacity as a private attorney general "aggrieved employee" acting on behalf of herself, the State of California and the Aggrieved Employees, and in consideration of the PAGA Payment and the payment to Plaintiff's Counsel for Attorney's Fees and Attorney's Costs, upon entry of the Judgment, Plaintiff will release Defendant from any and all PAGA Released Claims.

5.      PAGA Released Claims.   Upon entry of the Judgment, the LWDA and Aggrieved Employees, including Plaintiff, fully release and forever discharge Defendant and the Released Parties from any and all PAGA claims, whether known or unknown, to recover civil penalties for any and all of the PAGA claims alleged in the operative complaint or could have been alleged based on the facts pertaining to the Plaintiff and the Aggrieved Employees only which occurred during the PAGA Period ("PAGA Released Claims").  The release shall also exclude claims for wrongful termination, unemployment insurance, social security, disability, and workers' compensation and claims outside of the PAGA Period for the Aggrieved Employees.  **In no event shall the PAGA Released Claims in this Settlement Agreement release any claim of any individual other than the Plaintiff, including any class claim, which does not arise under PAGA.**

6.      Individual Settlement Payment and Individual Released Claims. Plaintiff agrees to accept $20,000 in full settlement and compromise of the individual claims as set forth in the Action and agrees that the Individual Settlement Payment shall fully and forever discharge and release Defendant and the Released Parties from all the individual claims and causes of action

6

pled in the operative complaint or that could have been pled based on the facts alleged in the operative complaint.  Plaintiff shall also release Defendant and the Released Parties from any known or unknown claims arising from her employment with Defendant.  The Individual Settlement Payment shall be allocated 50% to wages, 50% to statutory penalties and interest.  Plaintiff shall be issued a Form W2 for the portion of the payment allocated to wages, and a Form 1099 for the remainder.  The employer's share of payroll taxes on the Individual Settlement Payments shall be paid from the Gross Settlement Amount.

7.      Waiver of Civil Code Section 1542.  Plaintiff represents that she are not aware of any claims she may have against the Released Parties other than the claims that are released by this Settlement Agreement.  As to the Individual Released Claims, Plaintiff, on behalf of herself, waives any and all rights and benefits conferred by the provisions of Section 1542 of the Civil Code of the State of California and any similar law of any state or territory of the United States or other jurisdiction.  This section provides as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that if known by him or her would have materially affected his or her settlement with the debtor or released party.**

Plaintiff understands and acknowledges that this Settlement Agreement is meant to include in its effect all Individual Released Claims which Plaintiff does not know or suspect to exist against the Defendant and Released Parties.

8.      Covenants and Representations by Plaintiff and Plaintiff's Counsel.

a.      Plaintiff represents and warrants that she has not assigned or transferred or purported to assign or transfer to any person or entity, any claim or portion thereof, or interest therein, which is or may be subject to this Settlement Agreement.

b.      Plaintiff acknowledge that she has read this Settlement Agreement, that she fully understands her rights, privileges and duties under the Settlement Agreement, and enters into this Settlement Agreement freely and voluntarily.  Plaintiff further acknowledges that she has had the opportunity to consult with her attorneys to explain the terms of this Settlement Agreement and the consequences of signing this Settlement Agreement.

c.      Plaintiff further agrees to seek a Judgment in the Action on the PAGA Released Claims and dismissal of her individual claims.

9.      No Publicity.  Defendant's Counsel, Plaintiff's Counsel, and Plaintiff shall not publicize or communicate the fact or terms of the Settlement Agreement on any social media, internet site, print media, or marketing/advertising materials.  However, the facts and terms of the Settlement Agreement may be stated in documents filed with the Court in connection with seeking approval or enforcement of the Settlement Agreement.  Any violation of this No Publicity provision shall subject the violating party to liquidated damages in the amount of 10% of the Gross Settlement Amount.

10.     Court Approval of the PAGA Payment.  Plaintiff's Counsel shall be responsible for preparing and filing a Joint Stipulation Requesting Approval of PAGA Settlement with the proposed Judgment ("PAGA Stipulation").  This PAGA Stipulation shall also be served on the LWDA when filed with the Court.

11.     Court Approval of the PAGA Settlement.  The Settlement Agreement is contingent upon the approval by the Court.  If the Court should fail to approve this Settlement Agreement in the form agreed to by the Parties, the Parties agree to coordinate efforts to address the Court's questions or concerns. If after the Parties make at least three (3) good faith efforts, the Court does not approve this Settlement Agreement, or if appellate review is sought and on such review the Court's decision is materially modified or reversed, or if one or more of the terms of the Settlement Agreement are not approved or is materially modified or reversed or found to be invalid and the Parties in good faith do not believe that it would be possible to make non-material modifications that would address any concerns raised by the Court, then each of the Parties by and through Counsel shall have the right within ten (10) days of written notice thereof to elect to terminate the Settlement Agreement, in which event it shall have no force or effect, and the Parties shall be deemed to have reverted to their respective status as of the date and time immediately prior to the execution of this Settlement Agreement.  Any change in the amount of Attorneys' Fees or Attorneys' Expenses or any of the separate components of the Gross Settlement Amount shall not be material terms that allow either party to seek to void the Settlement Agreement.

## IV.     ADMINISTRATION OF SETTLEMENT

1.     After the execution of this Settlement Agreement, Plaintiff shall file the PAGA Stipulation and will submit the PAGA Stipulation and this Settlement Agreement on the LWDA consistent with Labor Code § 2699(l)(2).

2.     Settlement Administrator will administer the settlement and shall be paid for Administration Costs, which are estimated to be up to $5,261.  The Parties will provide the necessary information about the Aggrieved Employees to the Settlement Administrator within 15 days of the approval of the PAGA Settlement by the Court.

3.     Within fifteen (15) days after receipt of the Gross Settlement Amount from Defendant, the Settlement Administrator will issue to each Aggrieved Employee a check for their Individual PAGA Payment at their last known home address along with an explanatory letter, attached as Exhibit B.  Checks will remain negotiable for one hundred eighty (180) days.  Any checks returned as non-deliverable on or before the check cashing deadline will be sent promptly via regular First-Class U.S. Mail to the forwarding address affixed thereto.  If no forwarding address is provided, the Settlement Administrator will promptly attempt to determine the correct address using a skip-trace, or other search using the name, address or Social Security number of the Aggrieved Employee involved and will then perform a single re-mailing. Funds represented by settlement checks returned as undeliverable and those settlement checks remaining un-cashed for more than 180 days after issuance shall be transferred to Bet Tzedek Legal Services as the Parties' mutually-selected *cy pres* awardee.

8

4.     Within fifteen (15) days after receipt of the Gross Settlement Amount from Defendant, the Settlement Administrator will pay the Individual Settlement Payment to the Plaintiff from the Gross Settlement Amount. The employer's share of payroll taxes shall be paid from the Gross Settlement Amount.

5.     Within fifteen (15) days after receipt of the Gross Settlement Amount from Defendant, the Settlement Administrator will pay the amount allocated to the LWDA, Attorneys' Fees, Attorneys' Expenses, and Administration Costs as approved by the Court from the Gross Settlement Amount.

6.     The Settlement Administrator will provide an accounting under oath to the parties of the amounts paid out.

7.      Defendant makes no representations or warranties with respect to tax consequences of any payment under this Settlement Agreement.

## V.     MISCELLANEOUS PROVISIONS

1.     Drafting.  The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's-length negotiations between the Parties and that neither Party shall be considered the "drafter" of this Settlement Agreement for purposes of having terms construed against that Party.

2.     No Impact on Benefit Plans.  Neither the Settlement Agreement nor any amounts paid to Plaintiff or any Aggrieved Employee under the Settlement Agreement will modify any previously credited hours or service under any employee benefit plan, policy, or bonus program sponsored by Defendant.  Such amounts will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under Defendant's sponsored benefit plans, policies, or bonus programs.  The payments made under the terms of this Settlement Agreement shall not be applied retroactively, currently, or on a going forward basis, as salary, earnings, wages, or any other form of compensation for the purposes of any of Defendant's benefit plans, policy, or bonus program.  Defendant retains the right, if necessary, to modify the language of its benefit plans, policies and bonus programs to effect this intent, and to make clear that any amounts paid pursuant to this Settlement Agreement are not for "hours worked," "hours paid," "hours of service," or any similar measuring term as defined by applicable plans, policies and bonus programs for purposes of eligibility, vesting, benefit accrual, or any other purpose, and that additional contributions or benefits are not required by this Settlement Agreement.

3.     Successors.  This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

4.     Costs and Fees.  The Parties shall each bear their own costs, attorneys' fees, and other fees incurred in connection with this Settlement Agreement and in connection with the Action and Plaintiff's claims, except as otherwise set forth specifically herein.

5.      Authority.  Defendant represents and warrants that the undersigned has the authority to act on behalf of Defendant and to bind Defendant to the terms of this Settlement Agreement.  Plaintiff represents and warrants that she has the capacity to act on her own behalf and on behalf of the State of California and all who might claim through her to bind her to the terms and conditions of this Settlement Agreement.

6.      Governing Law.  All terms and conditions of this Settlement Agreement will be governed by and interpreted according to the substantive laws of the State of California and procedural laws of the United States of America, without giving effect to any conflict of law principles or choice of law principles.  If any legal or equitable action or arbitration is necessary to enforce the terms of this Settlement Agreement, it shall be brought in the United States District Court, Northern District of California.

7.      Complete Agreement.  The Parties acknowledge and represent that this Settlement Agreement contains the entire understanding between them with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings between them, written and oral, with respect to the subject matter hereof.  This Settlement Agreement cannot be amended or modified except by a writing signed by the Parties hereto or their successors-in-interest.

8.      Judgment and Continued Jurisdiction. After approval of this settlement, the Court will have continuing jurisdiction solely for purposes of addressing: (i) the interpretation and enforcement of the terms of the Settlement, (ii) settlement administration matters, and (iii) such post-Judgment matters as may be appropriate under court rules or as set forth in this Settlement Agreement.

9.      Authorization to Enter Into Settlement Agreement. Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their Counsel will cooperate with each other and use their best efforts to effect the implementation of the settlement of the PAGA Action. If the Parties are unable to reach agreement on the form or content of any document needed to implement the settlement of the PAGA Action, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement Agreement, the Parties may seek the assistance of the Honorable Thomas S. Hixson to resolve such disagreement.

10.      Execution and Counterparts. This Settlement Agreement is subject only to the execution of all Parties. However, the Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them, including facsimile, and scanned copies of the signature page, will be deemed to be one and the same instrument provided that counsel for the Parties will exchange among themselves original signed counterparts.  All signatures shall be "wet" signatures, rather than electronic signatures.

11.      Acknowledgement that the Settlement is Fair and Reasonable. The Parties

10

believe this Settlement Agreement is a fair, adequate, and reasonable settlement of the Action and have arrived at this Settlement Agreement after arm's-length negotiations by experienced counsel. The Parties further acknowledge that they are each represented by competent counsel and that they have had an opportunity to consult with their counsel regarding the fairness and reasonableness of this Settlement Agreement.

12.    **Invalidity of Any Provision.** Before declaring any provision of this Settlement Agreement invalid, the Court will first attempt to construe the provision as valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Settlement Agreement valid and enforceable.

13.    **Waiver.** No waiver of any condition or covenant contained in this Settlement Agreement or failure to exercise a right or remedy by any of the Parties hereto will be considered to imply or constitute a further waiver by such party of the same or any other condition, covenant, right or remedy.

14.    **Severability.** If any term or provision of this Settlement Agreement is held to be invalid or unenforceable, the remaining portions of this Settlement Agreement will continue to be valid and will be performed, construed, and enforced to the fullest extent permitted by law, and the invalid or unenforceable term will be deemed amended and limited in accordance with the intent of the parties, as determined from the face of the Settlement Agreement, to the extent necessary to permit the maximum enforceability or validation of the term or provision.

15.    **Cooperation and Execution of Necessary Documents.** All Parties will cooperate in good faith and execute all documents to the extent reasonably necessary to effectuate the terms of this Settlement Agreement and receive approval from the Court.

16.    **Binding Agreement.** The Parties warrant that they understand and have full authority to enter into this Settlement Agreement, and further intend that this Settlement Agreement will be fully enforceable and binding on all parties, and agree that it will be admissible and subject to disclosure in any proceeding to enforce its terms, notwithstanding any confidentiality provisions that otherwise might apply under federal or state law.

17.    **Denial of Liability.** The Parties expressly recognize that the making of this Settlement Agreement does not in any way constitute an admission or concession of wrongdoing on the part of Defendant or an admission or concession regarding the validity of Plaintiff's claims by Plaintiff. Nothing in this Settlement Agreement, nor any action taken in implementation thereof, nor any statements, discussions or communications, nor any materials prepared, exchanged, issued or used during the course of this Action, is intended by the Parties to, nor will any of the foregoing constitute, be introduced, be used or be admissible in any way in any other judicial, arbitral, administrative, investigative or other forum or proceeding, as evidence of any violation or lack of violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, this Settlement Agreement may be used in any proceeding in the Court that has as its purpose the interpretation, implementation, or enforcement of the Settlement Agreement or any orders or judgments of the Court entered into in connection therewith.

18.      **No Admission of Liability or Wrongdoing by Defendant.** Defendant contends that all of its employees were compensated in compliance with all federal, state, and local laws. Defendant has denied, and continues to deny, each of the claims and contentions alleged by the Plaintiff in the Action.  Defendant has asserted and continues to assert defenses thereto, and has expressly denied and continue to deny any wrongdoing or liability arising out of any of the facts or conduct alleged in the Action.  Neither this Settlement Agreement, nor any action taken to carry out the terms of this Settlement Agreement, shall ever be construed as, offered, admitted, received or deemed to be evidence in any civil, criminal, administrative, or other proceeding against Defendant or any of the Released Parties, or may be used as an admission, concession, or indication by or against Defendant of any fault, wrongdoing, or liability whatsoever.

19.      **No Re-employment of Plaintiff.** Plaintiff shall not seek re-employment with Defendant or the Released Parties at any time in the future.  If Plaintiff seeks re-employment with Defendant or the Released Parties, Defendant or the Released Parties can reject her application without any legal consequences.

20.      **No Current Representation.**  Plaintiff's Counsel represents and warrants that they do not currently represent any client that is contemplating claims against Defendant or the Released Parties for alleged violations of the California Labor Code or California Private Attorneys General Act or California Unfair Competition Law or Fair Labor Standards Act.

21.      **Waiver of Right to Appeal.**  Provided that the Judgment is consistent with the terms and conditions of the Settlement Agreement, Plaintiff, Aggrieved Employees, the LWDA, and Defendant and the Released Parties, inclusive, hereby waive any and all rights to appeal in connection with any issue in the Judgment, including, but not limited to, all rights to any post-judgment proceeding and/or appellate proceeding, such as a motion to vacate or set-aside judgment, a motion for new trial, and any extraordinary writ, and the Judgment will become final and non-appealable at the time it is entered.

22.      **Judgment To Be Entered On The PAGA Action And Dismissal With Prejudice To Be Entered As To All Other Claims In The Operative Complaint.**  The entry of judgment pursuant to this Settlement Agreement shall be the final judgment and resolution of the PAGA Action.  Contemporaneous with the entry of judgment on the PAGA Action, the Parties will stipulate to dismissal without prejudice as to the class claims and with prejudice as to all other claims in the operative complaint.

[Signature Page Follows]

12

**IN WITNESS THEREOF**, the Parties each acknowledge that he/it has read the foregoing Settlement Agreement, accepts and agrees to the provisions contained in this Settlement Agreement and hereby executes it voluntarily and with full understanding of its consequences.

**PLAINTIFF:**

Dated: _____    _____

PAYAL PATEL

**DEFENDANT:**

Dated: April 11, 2019    NIKE RETAIL SERVICES, INC.

By: _____

**APPROVED AS TO FORM AND CONTENT:**

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**

Dated: _____    By: _____

NORMAN BLUMENTHAL
ATTORNEYS FOR PLAINTIFF

**SEYFARTH SHAW**

Dated: _____    By: _____

JON D. MEER
MICHAEL AFAR
ATTORNEYS FOR DEFENDANT

13

FPDOCS 34659649.1
56069803v.1

IN WITNESS THEREOF, the Parties each acknowledge that he/it has read the foregoing Settlement Agreement, accepts and agrees to the provisions contained in this Settlement Agreement and hereby executes it voluntarily and with full understanding of its consequences.

**PLAINTIFF:**

Dated: 4/11/19

PAYAL PATEL

**DEFENDANT:**

Dated: _____

NIKE RETAIL SERVICES, INC.

By: _____

**APPROVED AS TO FORM AND CONTENT:**

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**

Dated: 4/11/19

By: _____
NORMAN BLUMENTHAL
ATTORNEYS FOR PLAINTIFF

**SEYFARTH SHAW**

Dated: 4/11/19

By: _____
JON D. MEER
MICHAEL AFAR
ATTORNEYS FOR DEFENDANT

13

# EXHIBIT A

**LIST OF "AGGRIEVED EMPLOYEES"**
**UNDER THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT**

| | | | |
|---|---|---|---|
| 1. | Aguirre, Rudy | 21. | Mathes, Billy |
| 2. | Alvarez, Lourdes | 22. | McGough, Juliette |
| 3. | Alvidrez, Jeremiah | 23. | Montano, Yessenia |
| 4. | Archuleta, Chris | 24. | Morfin, Ricardo |
| 5. | Babbs, Darren | 25. | Ogunsanya, Wura |
| 6. | Dakin, Alex | 26. | Osorio, Jose |
| 7. | Diaz, Johnny | 27. | Patel, Payal |
| 8. | Dicus Ellis, Samuel | 28. | Perry, Amanda |
| 9. | Dowal, Nicholas | 29. | Rios, Pedro |
| 10. | Garibay, Richard | 30. | Rubalcava, Eric |
| 11. | Garza, Stephen | 31. | Saldivar, Antonio |
| 12. | Guzman, Miguel | 32. | Schulz, Jordyn |
| 13. | Halter, Jessica | 33. | Skinner, Keith |
| 14. | Hilger, Kenny | 34. | Smith, Marissa |
| 15. | Hubbell, Ryan | 35. | Souza, Yvonne |
| 16. | Ingenito, Ashley | 36. | Stonebraker, Jessica |
| 17. | Jimenez, Anthony | 37. | Urena, Salvador |
| 18. | Larin, Doug | 38. | Vargas, Andres |
| 19. | Lee, Lauren | 39. | Velazquez, Daniel |
| 20. | Manrique, Rafael | 40. | Wilson, Steven |

**EXHIBIT B**

## NOTICE OF SETTLEMENT
## UNDER THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT

On November 25, 2013, a lawsuit was filed against Nike Retail Services, Inc., under the California Private Attorneys General Act ("PAGA").  The lawsuit is entitled *Payal Patel v. Nike Retail Services, Inc.*, Case No. 3:14-cv-04781-RS, in the United States District Court for the Northern District of California.

By Order dated _____, the District Court approved the settlement of the PAGA claims.  This settlement releases and discharges all PAGA claims for civil penalties alleged in the lawsuit and all PAGA claims that could have been alleged in the lawsuit based upon the facts alleged.

The Court did not issue any decisions as to whether the claims under PAGA had any merit and Nike Retail Services, Inc. has denied any liability or wrongdoing.  However, a settlement agreement was reached and a third-party settlement administrator, [INSERT ADMINISTRATOR NAME], has been directed to send you the enclosed payment as part of the settlement agreement.

Please Note:  The payment under this Settlement may be subject to local, state, or federal tax withholdings and will be reported to the IRS and state tax authorities.  You should rely on your own tax advisors as to the tax consequences of your individual payment.  Nothing within this notice or any other communication shall constitute or be construed or relied upon as tax advice within the meaning of United States Treasury Department Circular 230 (31 C.F.R. Part 10, as amended).  Enclosed are the appropriate tax forms pertaining to your payment.

You do not need to take any action.  The enclosed payment concludes your involvement in the settlement agreement.

Very truly yours,

[SETTLEMENT ADMINISTRATOR]